MICHAEL BRENNAN & others *vs.* FRANCIS J. BRENNAN.

Middlesex.　November 19, 1903. — May 19, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Devise and Legacy,* Construction.　*Real Action.*　*Words,* "Provided."

A testatrix devised and bequeathed all the residue of her estate to one of her several heirs at law "to him and his heirs forever, provided that he shall take care of me and look after me while I live." The person named as devisee had no knowledge of the provisions of the will until after the death of the testatrix and had not performed the requirements of the clause. *Held,* that the devise was not of a fee simple, but upon a condition precedent to be performed during the lifetime of the testatrix, and that the fact that the devisee had no knowledge of the provisions of the will until after the death of the testatrix was immaterial. *Colwell* v. *Alger,* 5 Gray, 67, distinguished.

Where a will contained a devise of land to one of several heirs at law of the testator upon a condition precedent which had not been performed by the devisee, and the other heirs at law brought a writ of entry against the devisee, who had taken possession of the land, and prevailed on this ground, judgment was entered only for the proportional undivided portions of the land belonging to the demandants, the tenant being entitled to retain his undivided share in the land as one of the heirs at law.

MORTON, J. This is a writ of entry to recover a certain parcel of land, with the buildings thereon, situated in Cambridge, to which the demandants claim title as heirs at law of one Maria J. Day. The tenant is a brother of the demandants and is in possession and claims title to the premises as devisee under the will of Maria J. Day, which has been duly proved and allowed. The demandants and the tenant are nephews and nieces of the testatrix and her heirs at law. The sole question is whether the tenant took an estate in fee simple or upon condition. The Superior Court ruled that he took an estate in fee simple, and the case is here on exceptions by the demandants to this ruling.

The clause under which the tenant claims title is as follows: "Second. All the rest residue and remainder of my property both real, personal and mixed, I give, devise and bequeath to Francis J. Brennan to him and his heirs forever, provided that he shall take care of me and look after me while I live." The clause is well drawn and aptly describes an estate upon condi-

tion. The word "provided" imports a conditional rather than an absolute estate (*Clapp* v. *Wilder*, 176 Mass. 332), and the nature of the devise, and the circumstances under which it was made, manifest, we think, an intention on the part of the testatrix to make a conditional rather than an absolute gift. Her object was to make provision for her own care and comfort during the remainder of her life. Except for this object there was no apparent reason for making the tenant the recipient of her bounty to the exclusion of his brothers and sisters. It is true that he had assisted her in making arrangements for admission to the hospital, and that he had taken a mortgage to enable her to raise funds for the contemplated expenses of her sickness at the hospital. But a niece had taken care of her from the beginning of her illness down to the time of her admission to the hospital and would seem to have had as much claim upon her bounty as the tenant. There is nothing to show that the testatrix and the tenant had been on terms of intimacy, or that she had at any time displayed any particular regard for him. If the circumstances would warrant an inference that she expected thenceforward that their relations would be more intimate than they had been, there is, nevertheless, nothing to show that she trusted to this expectation and the increased care for her comfort which might be expected to result from more intimate relations, as the sole ground of her bounty. The tenant relies upon *Colwell* v. *Alger*, 5 Gray, 67, *Martin* v. *Martin*, 131 Mass. 547, and *Goff* v. *Britton*, 182 Mass. 293. But those cases are not applicable. In neither one of them was there as here a condition in terms. In *Colwell* v. *Alger*, *ubi supra*, it is expressly said of the clause relied on that " whatever else it might have meant, it was not a condition. It was not a condition in terms." Neither were the circumstances such in either one of those cases as to show that a devise upon condition was intended, and that the language should be so construed. The condition would seem to be a condition precedent rather than subsequent. It related to something to be done during the lifetime of the testatrix before the estate could vest, and there is nothing to show that it was performed by the tenant.

The fact that the tenant had no knowledge of the provisions of the will until after the death of the testatrix is immaterial,

except so far as he takes as heir at law. In regard to this it is settled "that where the devisee, on whom a condition affecting real estate is imposed, is also the heir at law of the testator, it is incumbent on any person who would take advantage of the condition, to give him notice thereof." Jarm. Wills, (6th ed.) 853. *Kenrick* v. *Lord Beauclerk*, 11 East, 657, 667. *Taylor* v. *Crisp*, 8 Ad. & El. 779. It is true that in *Colwell* v. *Alger*, *ubi supra*, the court seems to lay down the proposition that a condition will not be valid which without notice requires of a beneficiary the performance of acts during the lifetime of the testator, such as providing for his support. See Jarm. Wills, (6th ed.) 841, note 2, by Mr. Bigelow. But the proposition thus laid down is contrary to the weight of authority and was not necessary to the decision. *In re Hodges' Legacy*, L. R. 16 Eq. 92. *Astley* v. *Earl of Essex*, L. R. 18 Eq. 290. *Roundel* v. *Currer*, 2 Bro. C. C. 67. *Johnson* v. *Warren*, 74 Mich. 491. *Merrill* v. *Wisconsin Female College*, 74 Wis. 415.

The case is here on exceptions. But the exceptions conclude as follows: " It was agreed by the counsel of the parties, at the trial, that if the ruling of the court was right, judgment was to be entered on the verdict, and if wrong, judgment was to be entered for the demandants; damages for the rents and profits to be assessed at the rate of twenty-five dollars per month from the thirty-first day of July, 1901, or such judgment was to be entered as law and justice require." For reasons already given we think that the ruling was wrong. But since the tenant is an heir at law we do not see how an unqualified judgment for the demandants can be entered, as that would have the effect to deprive him of his interest as heir at law. But the exceptions conclude, as already observed, with the stipulation that " such judgment was to be entered as law and justice require." It is stated in the exceptions that the demandants and the tenant are brothers and sisters and the next of kin of the testatrix. It is not stated that they are all of the next of kin, though that perhaps might be implied. Assuming that the demandants and the tenant are all of the next of kin, then the demandants would be entitled to ten undivided eleventh parts of the premises and of the rents and profits, and judgment should be entered accordingly. If it should appear that we are wrong in our assumption, application

can be made to the Superior Court for a new trial, or such other relief as may be appropriate.

> *Judgment for the demandants for ten undivided eleventh parts of the premises and of the rents and profits.*

*J. J. McCarthy & W. J. O'Donnell,* for the demandants.

*H. H. Winslow, H. J. Winslow & J. D. Hill,* for the tenant.