[S. F. No. 7041. Department Two.—June 7, 1915.]

In the Matter of the Estate of ERNEST W. COWELL, Deceased, F. A. BERIO, Administrator of the Estate of Frank Tralago, known also as Frank T. Traolo, Deceased, substituted in place of said Frank Tralago, Deceased, Petitioner and Respondent; S. H. COWELL et al., Appellants.

WILL—BEQUEST TO EMPLOYEES OF COMPANY—WORKING ON JANUARY 1ST—CONSTRUCTION.—Under a bequest in a will reading: "To all employees of the Henry Cowell Lime and Cement Company now working for said firm at Santa Cruz and who have been in said employ for twenty years, the sum of one thousand dollars each, and to all who have worked over two years, the sum of five hundred dollars each. . . . In all cases these dates are as of January 1st, 1911," it was not necessary, in order to qualify as a beneficiary an employee who had worked for the period of years required, that he should show in addition that he was actually working on the 1st of January, 1911. It is to be assumed that the testator knew that by reason of the first of the year being a holiday the employees of the company would not be actually working on that day.

ID.—TEMPORARY SUSPENSION OF WORK BY COMPANY.—CONTINUANCE OF STATUS OF EMPLOYEE.—An employee who had worked for the company to the end of December, 1910, when, without being formally discharged, he was paid off with the other employees in accordance with a custom of the company to pay off its men at the end of each month, and who afterward, with other employees, during a temporary suspension of work by the company, remained laid off for a short period before he resumed his work, was an employee of the company on the first day of January, 1911, within the meaning of such bequest.

APPEAL from an order of the Superior Court of the City and County of San Francisco for the partial distribution of the estate of a deceased person. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

Mastick & Partridge, for Appellants.

I. F. Chapman, for Respondent.

LORIGAN, J.—This is an appeal from an order made in the above estate granting the application of Frank Tralago for a partial distribution.

The will of said E. W. Cowell, deceased, among other provisions, contained the following:

"Fifth. To all employees of the Henry Cowell Lime and Cement Company now working for said firm at Santa Cruz and who have been in said employ for twenty years, the sum of one thousand dollars each, and to all who have worked over ten years, the sum of five hundred dollars each. . . . In all cases these dates are as of January 1st, 1911."

Frank Tralago filed a petition in said estate for partial distribution to him of one thousand dollars under the above provision of the will of deceased, alleging that he was an employee of the said company and worked for it at Santa Cruz for more than twenty years prior to the first day of January, 1911, and was so employed upon said first day of January, 1911. The court found that the petitioner was an employee and worked for the company at Santa Cruz for more than ten years prior to the first day of January, 1911, and was so employed on the first day of January, 1911, and ordered a distribution to him of five hundred dollars as coming within the clause of said will relating to ten year employees.

There is no question but that Frank Tralago had worked for the company at Santa Cruz for more than ten years prior to January 1, 1911, and up to that date.

The point made on this appeal is that he was not in the employment of or working for the said company on January 1, 1911. There were but three witnesses who testified on the hearing and their condensed testimony as contained in the record is not as clear and definite upon matters which were involved in and being considered on the hearing as it might have been made. The petitioner, an unmarried man, testified that he had started to work for the company in 1884, quitting work for it, as he stated, "at the end of December last year." As the hearing in this matter was held in 1913 this reference of the witness to "December last year" meant December, 1912. Continuing he testified that he worked for the company all the time from 1884 until last year (1912) with the exception of a few years; that he was working up to the first day of January, 1911, and was working

for the company when the testator died in March, 1911. A fellow workman with petitioner for the company testified, among other things, that petitioner was working for the company in January, 1911, and up to the time the witness quit working for it in June, 1911. The only other witness—the manager of the company—testified to data from the time books of the company kept by its formen while petitioner worked for the company, showing he had worked for it for more than ten years. It does not appear plainly in what branch of work the petitioner was employed, although it is fairly inferable from the testimony that he was doing kiln work. Further, the manager stated that petitioner was in the employment of the company during December, 1910, but that his name did not appear on the pay-roll of the company as being employed by it in January, 1911; that the first of the year being a holiday every man took a rest; that on the thirty-first day of December every man was given his time up to then; that Tralago was not hired any longer; that the kiln could not be worked in the rain; that petitioner worked twenty-three days in December, 1911; that he quit at that time and went somewhere for a holiday and did not return to work for the company again, as far as the pay-roll indicated until February, 1911; that the company had no contract with a man employed by it; that it employed one any day it wanted and discharged him any time it desired to do so; that the men were all paid a specified rate per day for all days of actual work in a month based on a fixed amount as monthly wages and were paid off at the end of every month; that the kiln men lived at the kiln and were boarded by the company.

This was all the evidence in the case and the claim of appellants is that it shows petitioner was neither working for nor an employee of the company on January 1, 1911, so as to bring him within the terms of the testamentary clause. It is, of course, conceded that the petitioner was not actually working for the company on the first day of January, 1911. Under the evidence its employees were not expected to nor did they work on the 1st day of the year. But it was obviously not the intention of the testator that in order to be the recipient of his bounty that an employee, in addition to showing that he had worked for the period of years required, should show in addition

that he was actually working on the first day of January, 1911. The testator, it is to be assumed, knew that by reason of the first of the year being a holiday the employees of the company would not be actually working on that day. The intention of the testator was to reward such employees as had served the company in which he was largely interested for specified long periods of service and who were still with it on January 1, 1911. This latter requirement only applied to employment with the company on that day. If this were not so, then there must be ascribed to the testator according to the construction claimed by appellants an intention to defeat his main purpose of rewarding employees for long service by prescribing in addition to such service that they should be actually working on a day when he must have known by the custom of the company and the character of the day as a generally observed holiday the employees would not be doing so.

Nor do we think that it can be said under the evidence that petitioner was not in the employment of the company on the first day of January, 1911. He had worked up to that date and was paid off with the other employees, as it was its custom so to do at the end of every month. Of course, his further employment ended then if the company saw fit to so consider it. It was not required to take him on again unless it wished to do so. But it cannot be said that he was fully discharged as an employee. It appears that the custom of the company was to pay off the men at the end of each month. This payment, however, was not considered by the company as a discharge from employment of such employees nor so considered by the men. The latter resumed work each following month without any formal engagement by the company. Their employment was treated as a continuous employment which mere payment by the month did not affect. It is true that the petitioner was paid off with the other men on the last of December, 1910, but this transaction, it is apparent, was not intended as a discharge of the men from any further employment or connection with the work of the company. It was merely a temporary cessation of work in the kilns on account of rain and, as the manager puts it, petitioner went away for a holiday, returning in January (as in the conflict of the evidence on this point we must assume to be true) and resumed his work for

the company. It was evidently not the intention of the company to discharge the petitioner as one of its old employees nor the intention of the petitioner to abandon his employment with it. There was simply a temporary suspension of the particular work of the company in which petitioner had been engaged and a temporary laying-off of the men engaged therein, including petitioner, until work should be resumed. While strictly speaking, the petitioner was not in the employment of the company during the period from December 31, 1910, to some time in January following—that is, not actually working for it on January 1, 1911,—still, in a qualified sense, we think he was in such employment on that date. His connection with the company had not been completely severed by a discharge. He had only been temporarily laid off awaiting the resumption of the work in which he had theretofore been employed and apparently with the tacit understanding that he should resume work with the company when it was ready to resume it.

The order appealed from is affirmed.

Henshaw, J., and Melvin, J., concurred.