[Civ. No. 16688. Second Dist., Div. One. Jan. 24, 1949.]

Estate of PINK L. NATHAN, Deceased. FANNY HEIT-
MAN, Appellant, v. LOUIS NATHAN et al., Re-
spondents.

Alex. W. Davis, Robert B. Murphey and Walter E. Bennett
for Appellant.

Cosgrove, Clayton, Cramer & Diether for Respondents.

DORAN, J.—The present appeal is from an order denying
distribution to Fanny Heitman of the sum of $5,000 be-
queathed in the will of Pink L. Nathan who died August 24,
1946. There is no dispute as to the facts and the only
question presented is the construction of clause third, para-
graph (a) of decedent's will, reading as follows:

"(a) To FANNY HEITMAN, now serving as a maid in my
home in Los Angeles, the sum of Five Thousand Dollars
($5000.00) in the event she shall have been in my employ
*during* the five years following the date of this Will and living
at the time of my death, making this bequest for the purpose

of providing her with funds for the purchase of a home."
(Italics added.)

Following this provision the will contained bequests to
Louis Nathan, decedent's brother, and created a trust in
favor of said brother and the United Hebrew Congregation,
of Fort Smith, Arkansas. The will was executed February
6, 1945; there was a codicil dated April 4, 1946, relating to
the trust provisions but in no manner affecting the bequest to
Fanny Heitman.

It appears from the stipulation of facts that appellant was
alive and in the employ of decedent at the time of the latter's
death on August 24, 1946; "that if present and sworn appel-
lant would testify (a) that she commenced employment with
the decedent as a maid in his home on January 8, 1942, and
worked for him continuously as such until the date of death;
(b) that she was ready, able and willing to continue in the
employ of the decedent for the perod of five years following
the date of the will (February 6, 1945) and that she did not
have any notice or knowledge that the legacy . . . was sub-
ject to any conditions until after the death of the decedent."
It was also stipulated that the appraised value of the estate
was $322,816.33.

The executors petitioned the probate court for instructions
with respect to appellant's legacy, taking the position that the
legatee was entitled to nothing under the will for the reason
that appellant's employment had continued only for a period
of one year, six months and eighteen days from the date of
the will to the time of decedent's death. The trial court found
appellant was not "entitled to the full, or any, amount of said
legacy"; and concluded as a matter of law "That the Will
sets up the happening of an event as a contingent condition
precedent, (employment of decedent during the five years
following the date of the will), which event did not happen
and such condition precedent constituted the sole motive for
making the bequest." Other than the stipulated facts here-
inbefore referred to, no evidence was before the trial court.
Appellant's brief avers that "These findings or conclusions
were based solely on a construction of the language of the
will, there being no extrinsic evidence that the testator's
motive and intention were as so found or concluded."

It is appellant's position that "The facts being admitted
and established without conflict, the construction of the will,
the determination of the testator's motive in making the be-
quest to appellant, and the question of substantial perform-

ance of the conditions of such bequest, are legal question and open to review on appeal unhampered by the alleged findings of the trial court.'' Appellant contends that the bequest of $5,000 ''in the event she shall have been in my employ *during* the five years following the date of this Will,'' (italics added), does not, either directly or by reasonable implication, require a full five years' service before testator's death; that such five years' service was obviously not the testator's sole motive in making the bequest; that there was substantial performance of the condition, and that completion of the full five years' service after the date of the will was rendered impossible by reason of the testator's death and without fault on appellant's part.

The appellant's argument is based upon the provisions of section 142 of the Probate Code, reading as follows:

''A condition precedent in a will is one which is required to be fulfilled before a particular disposition takes effect. *It is to be deemed performed when the testator's intention has been substantially, though not literally, complied with.* Nothing vests until such condition is fulfilled, *except where fulfillment is impossible,* in which case *the disposition vests,* unless (1) the condition was the sole motive thereof, *and* (2) the impossibility was unknown to the testator or arose from an unavoidable event subsequent to the execution of the will.'' (Appellant's italics.)

In this connection it is suggested that ''obviously appellant could not be in the employ of a dead man,'' and that testator had ''received the benefit of her services as long as it was possible for him to do so,'' namely until the end of life. Testator's unexpected death less than five years after execution of the will is termed ''an unavoidable event'' within the meaning of section 142 quoted above, entitling appellant to take under the bequest.

It is further contended that the five-year condition cannot reasonably be deemed the ''sole motive'' for the bequest, as specified in section 142, for several reasons. Since appellant had already been in testator's employ for more than three years when the will was made, and thereafter such employment continued for an additional period of one year, six months and eighteen days until testator's death, testator's motive was presumably the usual one of rewarding a faithful employee. Moreover, testator's ''motive,'' that is, the reason or purpose as distinguished from ''intent,'' is said to have been made clear in the latter part of the bequest stating that

it is "for the purpose of providing her with funds for the purchase of a home," should appellant survive the testator. It is further suggested that "If the fulfillment of such a condition had been his sole motive, it seems reasonable and probable that he would have informed her of the condition," which apparently testator did not do.

Respondent's brief answers these contentions with the argument that section 142 of the Probate Code should be construed in conformity with the common law, and that where an event may or may not happen, it will be presumed that the expectation of its taking place was the sole motive; that such presumption is sufficient to support the findings of the trial court which were adverse to appellant's contentions. No decisions have been cited which involve facts at all similar to those of the present controversy. It is also argued that in any event there has been no substantial compliance with the testator's intention; and that the bequest "does not admit of the construction that the five-year period was to be cut down if testator's death occurred within that period."

Determination of the present appeal involves, among other things, a reasonable interpretation of the word "during" as used in the bequest of $5,000 to appellant, "in the event she shall have been in my employ *during* the five years following the date of this Will and living at the time of my death, making this bequest for the purpose of providing her with funds for the purchase of a home." (Italics added.) As noted in appellant's brief, there was no express requirement that appellant "shall have been in his employ '*throughout*' or 'for' the five years following the date of his will, but rather used the word 'during.'" And, the brief continues, "if one says, 'it rained *during* the night' it usually means that it rained '*some portion* of the night' and not 'throughout the night.'" Obviously, if this interpretation be placed on the language here used, appellant was in decedent's employ "during" the five years following execution of the will; the relation being only terminated by an event outside the control of either appellant or the testator.

That a liberal and reasonable interpretation is to be striven for rather than a narrow and technical one, is evident both from the provisions of section 142 previously referred to, and from the other sections of the Probate Code relating to the construction of wills. This view is likewise reflected in the various decisions. The true rule is well stated in *Estate of Puett,* 1 Cal.2d 131, 133 [33 P.2d 825], where the court says:

"It is generally recognized that a testamentary instrument is to be examined with a view to discovering the decedent's testamentary scheme or general intention, and that the apparent meaning of particular words, phrases and provisions is to be subordinated to this scheme, plan or dominant purpose." The question here to be determined, then, is what shall be deemed a reasonable and liberal interpretation, bearing in mind the situation and relation of the parties, and the testator's general testamentary scheme and purpose.

In *Estate of Fletcher*, 36 Cal.App.2d 567, 572 [97 P.2d 1039], it was said: "The uniform attitude of the courts of various jurisdictions displayed in the foregoing decisions, are all favorable to the employee." In that case it was held proper to order distribution where a legacy was to be paid if the legatee was in decedent's employ at the time of the latter's death, where there was evidence from which the jury could have found that a purported discharge of the employee was unauthorized and was intended by the testator to effect merely a temporary cessation of services and not a complete discharge. Among other cases cited in the Fletcher opinion is *Estate of Cowell*, 170 Cal. 364 [149 P. 809], where in construing a bequest to employees "now working for said firm," it was likewise held that certain employees who had been temporarily suspended from a particular work, were still within the employ of the company, within meaning of bequest. The respondent has "no quarrel with the decision . . . in *Estate of Cowell*," but denies that this decision and that in *Estate of Fletcher*, constitute authority for appellant's position.

The matter of bequests made to employees has thus received judicial consideration and notwithstanding the factual differences, these cases and others plainly indicate that, in the language of appellant's brief, "the provisions of a will are to be liberally construed in favor of a beneficiary and that this is particularly true when the beneficiary is an employee of testator."

In the instant case the testator's "general intention," reasonably construed, was to reward an employee who by reason of meritorious service during a period of more than three years prior to the date of the will, deserved more than the ordinary employment stipend. It is also evident that the employment relation was so satisfactory that the testator hoped and expected that it would continue for at least five

years and that decedent would live to benefit therefrom. To find that the expression *"during* the five years following the date of this will," indicates that the testator's "sole motive" for the bequest was a completion of such five-year period, can hardly be deemed a "liberal" interpretation. Nor, in view of the provisions of section 142 of the Probate Code and the circumstances here involved, can it be considered a reasonable one.

The provisiohs of section 142 were obviously designed to prevent that failure of a bequest which might otherwise easily result from a too strict and literal interpretation of the words used. The present case affords a legitimate opportunity for its application. When it is considered that appellant's long service was interrupted only by the testator's untimely death which rendered further fulfillment impossible, a reasonable and liberal interpretation compels the conclusion that the five-year condition "is to be deemed performed when the testator's intention has been substantially, though not literally complied with," within the meaning of section 142. And consistent with this view is the fact that the testator made use of the term "during," rather than "throughout" or "for" a five-year period following execution of the will. Any other conclusion must of necessity ignore the evident purpose of section 142, and run contrary to the expressed judicial tendency toward liberal rather than strict construction.

The order denying distribution to appellant is reversed with directions to enter an order distributing to Fanny Heitman the full amount of the legacy.

York, P. J., and White, J., concurred.