[Civ. No. 19387.   Second Dist., Div. Two.   Apr. 14, 1953.]

Estate of CLARA T. CATLETT, Deceased.   EVELYN M. ALLEN, Appellant, v. SHIRLEY CATLETT, Respondent.

Johnson & Johnson and Ward Johnson for Appellant.

Walker & Horn and M. W. Horn for Respondent.

McCOMB, J.—This is an appeal from an order settling the final account and supplement thereto and from the decree of distribution under the will of Clara T. Catlett who died November 23, 1950, leaving a will containing among other provisions the following:

"FOURTH: All of the rest, residue and remainder of my property, both real and personal, of whatsoever kind and character, and wheresoever situated, I hereby give, devise and bequeath to my friend, EVELYN M. DAVENPORT, provided she be living at the time of my death, and provided also that the trial arrangement shall prove successful whereby I am to receive my board and lodging at a cost to me of $50.00 per month, in the home to be provided by EVELYN M. DAVENPORT and N. FRANK ALLEN, after their marriage. In the event that this trial arrangement has not succeeded, and it is impossible for me to continue freely and happily as a boarder in their home at the rate of Fifty Dollars ($50.00) per month, and have free access to the room we agree upon, with the right to freely receive my friends at reasonable times, and to be reasonably independent in my own arrangements, then this residuary bequest to EVELYN M. DAVENPORT is not to be effective, and I give, devise and bequeath all of the said rest, residue and remainder of my estate as follows:

ONE-HALF (1/2) thereof to my cousin, WARD VANDERBERG; and

ONE-HALF (1/2) thereof to my step-granddaughter, SHIRLEY CATLETT."

The probate judge ordered distribution of the estate with a minor adjustment for difference in inheritance tax to Ward Vanderberg and Shirley Catlett in equal shares.

*Questions*: First: *Did the trial court err in finding that the terms upon which Evelyn M. Allen* should inherit all of decedent's estate were conditions precedent to her right to such inheritance?*

*No.* Section 142 of the Probate Code defines a condition precedent as follows:

"A condition precedent in a Will is one which is required to be fulfilled before a particular disposition takes effect. It is to be deemed performed when the testator's intention has been substantially, though not literally, complied with. Nothing vests until such condition is fulfilled, except where fulfillment is impossible, in which case the disposition vests, unless the condition was the sole motive thereof and the impossibility was unknown to the testator or arose from an unavoidable event subsequent to the execution of the Will."

This section is here controlling. ■ Where, as in the present case, certain conditions are specific and the performance of them must be accomplished prior to the vesting of an interest, the condition is a condition precedent. (*Brennan* v. *Brennan*, 185 Mass. 560 [71 N.E. 80, 81, 102 Am.St.Rep. 363] ; *Clark* v. *Capital Nat. Bank*, 91 Cal.App.2d 865, 869 [206 P.2d 16].)

■ A condition subsequent is where an estate or interest is so given as to vest immediately, subject only to be divested by some subsequent act or event. (Prob. Code, § 143.) In the instant case the title was not to vest until the time of decedent's death. ■ Therefore it is evident that the conditions stated in the will were conditions precedent and not conditions subsequent, since such conditions obviously could not take place subsequent to the death of decedent.

■ The evidence disclosed in the present case that Evelyn M. Allen, formerly Evelyn M. Davenport, came to live with decedent in July, 1945, and from that date until October 7, 1950, did all of the housework, cooking, washing and ironing, and took care of decedent. At various times decedent stated to Mrs. Allen that if she would stay with her until she died, whatever she had would be given to Mrs. Allen. On October 7, 1950, decedent went to the hospital and on October 10, 1950, executed a will containing the paragraph set forth above.

*Formerly Evelyn M. Davenport.

Shortly before defendant entered the hospital, Mr. and Mrs. Allen purchased a home at 390 Orizaba Avenue, in Long Beach. Decedent was shown a room which would be hers when she came to live with them. On October 14, 1950, decedent was removed from the hospital to a nursing home where she remained until the time of her death.

This evidence fully supports the finding of the probate court that the conditions precedent to Mrs. Allen's being entitled to decedent's estate were never performed or fulfilled.

Second: *Was the condition precedent the sole motive for the bequest to Mrs. Allen?*

*Yes.* It is evident from reading the fourth paragraph of the will, and the evidence relative to decedent's statements to Mrs. Allen, that the sole motive for making the bequest to Mrs. Allen of her entire estate was that she be provided a home or lodging at a cost of not to exceed $50 per month during the period of her life subsequent to the execution of the will.

*Estate of Nathan,* 89 Cal.App.2d 789 [201 P.2d 865], is not here in point for the reason that in such case the court merely held that there had been a substantial compliance with the conditions precedent stated in the will. There is no evidence in the present case of any compliance with any conditions precedent.

Third: *Is respondent, who is the executrix of the will of decedent, a proper party to this appeal?*

*Yes.* The executrix filed her final account, report and petition for distribution and for fees, and interpretation of the will. The probate judge having made his ruling, appellant, who had objected to the account and petition for distribution, took the present appeal, naming the executrix as respondent. It was the duty of such executrix to carry out the wishes of decedent under the direction of the probate judge and to take the necessary steps to protect the interest of beneficiaries and creditors of the estate. Since the beneficiaries' interest would be affected by a reversal or modification of the decree it is proper for respondent to appear in the present proceedings before this court.

*Estate of Ross,* 179 Cal. 358 [182 P. 303], and *Estate of Murphey,* 7 Cal.2d 712 [62 P.2d 374], are not here in point, for in such cases the executor prosecuted the appeal and our Supreme Court held that not being an aggrieved party he was not entitled to maintain the appeal. Here the executrix (respondent) is not appealing but is appearing upon the in-

vitation of appellant who has thus waived any right to claim that respondent is not properly before this court.

Affirmed.

Moore, P. J., and Fox, J., concurred.