[Civ. No. 5121. Fourth Dist. Sept. 26, 1955.]

Estate of JULIUS ANDERSON, Deceased. JOELLEN ANDERSON MORSE et al., Appellants, v. AMY C. MURDOCK, as Executrix, etc., Respondent.

Iverson & Hogoboom for Appellants.

McInnis, Hamilton & Fitzgerald for Respondent.

MUSSELL, J.—Julius Anderson died testate in the county of San Diego on or about November 2, 1945. Amy C. Murdock, one of his daughters, was appointed executrix of his will and acted in that capacity through the administration of the estate. On March 1, 1954, she filed her second and final account, report of executrix, petition for final distribution and for instructions. Joellen Anderson Morse and William Julius Anderson, beneficiaries under the will and appellants herein, filed exceptions to the account and to the proposed plan of distribution. This appeal is taken by them from the order settling the account and from the decree of distribution.

The decedent left three children, Amy C. Murdock, Helen J. Grondona, and Albert J. Anderson. In the seventh paragraph of the will, two-thirds of the residue of the estate of decedent was divided between the two daughters. The balance of one-third of the estate was to be placed in a trust with the First National Trust and Savings Bank of San Diego, as trustee, for the benefit of Albert J. Anderson. This trust is set forth in full in the sixth paragraph of the will, which provides in substance that one-third of the residue of the estate shall be paid over to the trustee and shall be held in trust free and clear of claims of creditors of Albert Anderson, and that there shall be paid to him the income thereof, or at least $100 per month, during his lifetime, even though such payments may consume all of the corpus of the trust. After the death of Albert Anderson, the income from the remainder, if any, of the trust funds is to be divided equally between his two children, Joellen Anderson and William Julius Anderson, the appellants herein. Upon the arrival of said children at the age of majority, they are to receive the corpus of the estate, share and share alike. If said children do not survive Albert Anderson and do not arrive at the age of majority, the corpus of the estate shall be paid to the two daughters of the testator. In case the trust shall fail or be declared invalid, or be set aside by the creditors of Albert Anderson, the corpus of the trust shall be paid to the two daughters of the testator.

The controversy herein arises over the provisions of the fifth paragraph of the will. In it the testator provides, in part, as follows: ''I give, devise and bequeath the business known

as the San Diego Steam Laundry . . . to my daughter Amy C. Murdock, in trust for the uses and purposes hereinafter in this paragraph more fully set forth. . . . The trust herein created shall continue so long as my children . . . shall remain living and my son shall be employed in said laundry, as hereinafter set forth and until such time as my children and successors in interest of either of them shall agree to the sale of said business . . . I further direct that my son, Albert Julius Anderson, shall continue to be employed in his present capacity in said laundry business and shall give his full time and efforts thereto in and about the operation of said laundry and of the financial management thereof, and that he shall be paid for his services a salary of $100 per week. Said trustee shall continue to operate said business during the term of said trust and from time to time at such times as in the discretion of said trustee are proper, shall divide so much of the net profits derived from the operation of said laundry business after the payment of salaries and expenses of operation as may be in the best judgment of said trustee not necessary for the operation of said business between the said Albert J. Anderson, the said Helen J. Grondona, and Amy C. Murdock as follows: One-half ($\frac{1}{2}$) shall be paid into and shall become a part of the trust hereinafter created, as set forth in paragraph sixth of this Will, one-fourth ($\frac{1}{4}$) of said profits shall be paid to my daughter Helen J. Grondona, and one-fourth ($\frac{1}{4}$) thereof to my daughter, Amy C. Murdock. In case of the death of my son, Albert J. Anderson, the one-half ($\frac{1}{2}$) of the profits to be paid into the trust as hereinafter set forth shall be paid into said trust and be disposed of as provided in paragraph sixth of this Will. In case of the death of either of my said daughters during the term of said trust, the profits otherwise payable to said daughter shall be paid to her estate. In case of the termination of this trust by the sale of said property, then the proceeds derived from said sale shall be divided as follows: One-half ($\frac{1}{2}$) of said proceeds shall become a part of the trust created in the sixth paragraph of this Will and one-fourth ($\frac{1}{4}$) of said proceeds shall be paid to each of my said daughters, Helen J. Grondona and Amy C. Murdock, and their heirs. In case for any reason my said son, Albert J. Anderson, shall be unable to act in his present capacity in said laundry, or shall refuse to so act, then the salary provided for herein shall cease and the said trustee shall have complete authority to sell and dispose of said business and to divide the proceeds hereinbefore pro-

vided unless it appears to her that to the best interest of all parties concerned said property should not be sold and her determination of such matter shall be final.''

The trial court admitted testimony concerning the conditions surrounding the execution of the will. This testimony is uncontradicted and from it the following facts appear. Albert Anderson had for several years prior to the death of his father acted as manager or superintendent of the laundry involved. He was an experienced and expert laundryman. However, differences had arisen between father and son. Albert had some difficulty with his wife and they were divorced prior to the death of the testator. She had filed an action against Julius Anderson, claiming an interest in the laundry property and in this action both she and Albert had testified against Julius. As a result he prepared a will in which he disinherited Albert. In addition thereto he had considerable difficulty with Albert by reason of the latter's drinking habits and by reason of Albert's handling of the cash in the business in such a manner to make it difficult to keep an accurate account of the funds of the business. Nevertheless, Julius modified his attitude toward Albert to the extent of making provision for his protection and continuing to employ him in the business.

Immediately after the funeral of Julius Anderson, Mrs. Murdock, Mrs. Grondona, and Albert Anderson went to the office of the attorney who drew the will for the purpose of reading over the will and discussing the plans to manage the estate and the business. As soon as the will was read, Albert Anderson stated that he ''was not going to do it''; that he ''would not manage the laundry.'' He stated that it was not his intention for one moment to do the work of carrying on the business and make a profit for somebody else to spend; that it had been his understanding that the laundry belonged to him. He persisted in this refusal throughout the term of the administration of the estate, which lasted several years. As a result of his refusal, it became necessary for Mrs. Murdock to petition the court for authority to operate the business. This authority was granted and she performed her duties as executrix and also undertook the management of the laundry business itself during the administration of the estate. The bank which was named trustee in paragraph sixth of the will repeatedly refused to accept this trust ''on account of the situation of the requirement of management of Albert Anderson and is not so acting.''

Albert Anderson was taken ill and became permanently disabled. Thereupon Mrs. Murdock applied for permission to sell the property and permission was granted by the court. The laundry business was sold and Albert Anderson made no objection to the sale thereof.

Upon application for final distribution, Mrs. Murdock, as executrix, took the position that the gift in trust set forth in the fifth paragraph of the will was upon condition that Albert Anderson should function as the manager of the laundry business and should continue to operate in that capacity and accept the conditions contained in the will. She further took the position that it was the primary purpose of this provision of the will that the laundry should be kept in operation for the purpose of furnishing employment and a livelihood to Albert Anderson. She contended therefore that the condition had failed and that the primary purpose of the trust had failed, and that, therefore, the proceeds from the sale of the laundry should pass as a part of the residue of the estate, and that one-third thereof should go in trust under the sixth paragraph of the will for the support of Albert Anderson during the balance of his life. The court found these contentions well taken and ordered accordingly. Albert Anderson made no objection to the distribution proposed by Mrs. Murdock and has not appealed from the order or decree.

In this connection the trial court found "That the trust set forth in paragraph fifth of the last will and testament of Julius Anderson, deceased, was a conditional bequest conditioned upon Albert J. Anderson's continuing in the capacity at said San Diego Steam Laundry which he occupied at the time of the execution of said will, to wit, the position of manager. That said Albert J. Anderson has failed and refused to function as manager of said laundry from the date of the death of the decedent herein, continuously and to and including the filing of the final account; that said refusal to so act constitutes a failure to perform the condition upon said legacy, and that by reason of such actions and such condition the legacy set forth in said paragraph fifth of said will fails, and the property which would otherwise have gone thereunder becomes a part of the residue of decedent's estate." We conclude that this finding is supported by substantial evidence and that the order and decree made in conformance therewith was proper.

Appellants first contend that the court erred in finding that the trust set forth in paragraph fifth of the will was a

conditional bequest and failed. They argue that the conditions contained in paragraph fifth of the will are not conditions to the vesting of the estate but are only conditions to the right of the life tenant to receive salary payments and to the right of the trustee to sell the trust property. We are not in accord with this interpretation of the will.

Section 142 of the Probate Code defines a condition precedent as follows:

"A condition precedent in a will is one which is required to be fulfilled before a particular disposition takes effect. It is to be deemed performed when the testator's intention has been substantially, though not literally, complied with. Nothing vests until such condition is fulfilled, except where fulfillment is impossible, in which case the disposition vests, unless the condition was the sole motive thereof and the impossibility was unknown to the testator or arose from an unavoidable event subsequent to the execution of the will."

Section 143 of the same code defines a condition subsequent as follows:

"A condition subsequent is where an estate or interest is so given as to vest immediately, subject only to be divested by some subsequent act or event. A testamentary disposition when vested, cannot be divested unless upon the occurrence of the precise contingency prescribed by the testator for that purpose."

■ Where certain conditions are specific and the performance of them must be accomplished prior to the vesting of an interest, the condition is a condition precedent. (*Estate of Catlett*, 117 Cal.App.2d 315, 317 [255 P.2d 464].) ■ In the instant case the testator specifically provided that the trust created in paragraph fifth of the will should continue so long as his son, Albert, was employed in the laundry as thereinafter provided. The record shows that Albert was employed as manager or superintendent at the time the will was executed. After the death of his father, he refused to act as such manager or superintendent. It was not the evident intent of the testator that the laundry business should be operated throughout the administration of the estate if Albert was not willing to undertake the management of the business. His employment as manager or superintendent, therefore, became a condition precedent to the operation of the trust. This is apparent both from the language used in the fifth paragraph of the will and from the evidence of the circumstances under which it was executed. While the fifth

paragraph thereof provides that if for any reason Albert should be unable to act in his then capacity in said laundry, or should refuse to so act, that his salary should cease and the trustee was authorized to sell the business, this provision is not operative if, as was the case, Albert was not employed as manager or superintendent after the death of the testator.

 Where, as here, the construction given to the will by the trial court is reasonable and appears to be consistent with the intent of the party making the will, the courts of appellate jurisdiction will not substitute another interpretation, even though it may seem equally tenable with that accorded by the trial court. (*Estate of Northcutt,* 16 Cal.2d 683, 690 [107 P.2d 607].)

Appellants contend that the court erred ·in admitting evidence to show the circumstances surrounding the execution of the will. The sole objective in the interpretation of the will is to ascertain the intention of the testator as disclosed by the language he has used. (*Estate of Brunet,* 34 Cal.2d 105, 107 [207 P.2d 567, 11 A.L.R.2d 1382].) In *Estate of Resler,* 43 Cal.2d 726, 734 [278 P.2d 1], the general rule is stated that when an uncertainty arises on the face of the will, as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, excluding the oral declarations of the testator as to his intentions. Under the rule stated, evidence of the circumstances under which the will was executed was admissible to ascertain the intention of the testator in the event his son was not employed as manager or superintendent and was not acting as such and refused to operate the business after the testator died.

It is also argued that the findings of fact are not supported by any competent, relevant or material evidence. This argument is likewise without merit. The petition for distribution and for instructions, together with the second and final account and the exceptions filed by appellants presented the question of the interpretation of the terms of the will and the distribution of the estate. These pleadings, together with the evidence as to circumstances surrounding the execution of the will, sufficiently support the findings.

The judgment, order and decree are affirmed.

Griffin, Acting P. J., and Shell, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.