[Civ. No. 23682.   Second Dist., Div. Two.   Sept. 28, 1959.]

Estate of BEN M. KINCAID, Deceased.   BEN A. SECOR, Appellant, v. EDWARD B. CORBIN, as Trustee, etc., Respondent.

Walker, Eilers & Wehrle and Fred F. Wehrle for Appellant.

Frank R. Davis for Respondent.

HERNDON, J.—Ben A. Secor appeals from an order of the probate court denying a petition by which he sought to establish his right to receive maintenance and support under the terms of a testamentary trust created by his grandfather's will. The will of Ben M. Kincaid, duly admitted to probate in 1952, left all of the testator's property to respondent Edward B. Corbin in trust for the following uses and purposes:

"A. The trustee upon evidence of want satisfactory to him shall pay to, use or apply or expend for the reasonable maintenance, comfort, and support, or for expense of accident, illness, or other misfortune of my wife Rose N. Kincaid and my daughter Helen (Kincaid Secor) Rathbun such sums as in the discretion of the trustee may be necessary to be so expended.

"B. Should my daughter Helen (Kincaid Secor) Rathbun predecease me then and in such event my said Trustee shall upon evidence of want satisfactory to him pay, use, apply or expend for the reasonable maintenance, comfort and support, or for the expense of accident, illness, or other misfortune of my grandson Bennie Secor such sums as in the discretion of the Trustee may be necessary to be so expended.

"C. Upon the decease of Bennie Secor the remainder of the estate shall be distributed to the children of Bennie Secor or survivors thereof upon reaching their majority—If Bennie Secor should die without leaving any issue then the remainder of the estate shall be distributed by said Trustee to such educational, religious, or charitable organizations that are qualified to receive such bequests and which my said Trustee in his opinion deems worthy thereof."

The testator was survived by his widow, Rose Kincaid, his daughter, Helen Rathbun, and his grandson Ben Secor, appellant herein. Appellant, the son of Helen Rathbun, is married but has no issue. Respondent Corbin is here in his

capacity as trustee and also as the duly appointed guardian ad litem of the unborn issue of the appellant. Both the widow and the daughter of the testator died during the pendency of the probate proceedings, the latter on May 3, 1954, and the former on July 6, 1954. During probate and prior to their respective deaths the widow and daughter received payments from the executor for their "maintenance, comfort and support" in conformity with the terms of the will.

The decree of distribution by which the testamentary trust was established was entered on June 8, 1956. The above-quoted language of the will, declaring the terms and purposes of the trust, was carried into the decree *in haec verba*.

On November 21, 1957, appellant filed his petition for an order construing the provisions of the trust alleging, among other things: that the provisions of the decree and of the will "are uncertain, vague and ambiguous as they relate to the disposition of the income from decedent's trust estate from the date of death of decedent's said daughter, Helen Rathbun, and during the lifetime of petitioner . . ." and, further, ". . . that by the terms and provisions of said . . . decree of distribution . . . and decedent's last will and testament petitioner is entitled to the income from the decedent's trust estate during his lifetime from the date of death of decedent's daughter on May 3, 1954. Petitioner further alleges that this was the intent of the decedent."

After hearing the matter, the trial court made findings of fact consistent with the recitals of this opinion and specifically found to be *untrue* the above-quoted allegations of the petitioner. On these findings the court made the order now presented for review. It is recited both in the findings and in the order that oral and documentary evidence was introduced at the hearing. The record on appeal, however, consists only of a clerk's transcript which contains nothing other than the judgment roll and copies of the will, the decree of distribution and the notice of appeal.

Since this is essentially a judgment roll appeal, we would be justified in presuming that the evidence was sufficient to support the findings and that there was parol evidence which aided the trial court in arriving at its construction of the instruments involved. (*Tibbetts* v. *Robb,* 158 Cal.App.2d 330, 338 [322 P.2d 585]; *White* v. *Jones,* 136 Cal.App.2d 567, 569 [288 P.2d 913].) If we applied this presumption, there would be a basis for invoking the rule that an appellate court will accept or adhere to the interpretation of a written in-

strument adopted by the trial court—and not substitute another of its own—where parol evidence was introduced in aid of its interpretation. (*Estate of Rule*, 25 Cal.2d 1, 11 [152 P.2d 1003, 155 A.L.R. 1319]; *Prudential Ins. Co.* v. *Broadhurst*, 157 Cal.App.2d 375, 380 [321 P.2d 75].)

However, we need not apply the above-mentioned presumption nor invoke the above-stated rule, because without the aid of extrinsic evidence, we would regard the trial court's interpretation of the decree (and of the will) as most reasonable.

Appellant concedes by force of necessity that neither the will nor the decree contains any *express* provision which could operate to vest in him the rights which he seeks to establish. Rather he urges as a matter of law that the language of the instruments with which we are here concerned must be so construed as to effectuate a gift in his favor *by implication*. He seeks to invoke the rules of law stated as follows in *Brock* v. *Hall*, 33 Cal.2d 885, 887-889 [206 P.2d 360, 11 A.L.R.2d 672]:

"The implication of gifts in wills rests upon the primary rule of construction that the duty of the court in all cases of interpretation is to ascertain the intention of the maker from the instrument read as a whole and to give effect thereto if possible, and . . . where the intention to make a gift clearly appears in a will, although perhaps imperfectly expressed, the court will raise a gift by implication . . .

"When the intention to make a gift clearly appears from a trust instrument taken by its four corners and read as a whole, considering its general scheme, the property involved, and the persons named as beneficiaries, the gift may be implied . . . Although the court may not indulge in conjecture or speculation simply because the instrument seems to have omitted something which it is reasonable to suppose should have been provided, a gift will be raised by necessary implication where a reading of the entire instrument produces a conviction that a gift was intended . . ."

In support of his contention, appellant has argued as follows: "Taking the testator's will by all four corners and reading it as a whole, it clearly appears that the testator intended to provide for appellant during his lifetime after the death of his mother. The testator has measured the term of the trust by the life of the appellant and postpones the enjoyment by the remaindermen of the benefits of the trust estate until appellant's death, which would not be done unless he intended that appellant participate in the trust estate

during his lifetime. Testator makes no other disposition of the income, nor does he direct its accumulation during the lifetime of appellant. It is respectfully submitted that any construction of testator's will that would preclude appellant from participating in the trust estate under the circumstances now existing in the present case during his lifetime would be extremely unrealistic and would nullify a substantial portion of the provisions of testator's will.''

We are not persuaded by appellant's arguments. The intent to make the gift which appellant claims does not clearly appear from the trust instrument. On the contrary, the testator set forth in his will a clearly expressed *condition precedent* to the vesting in appellant of any right to receive payments from the trust. That condition precedent was expressed in these words: *''Should my daughter . . . predecease me then and in such event . . .''* This condition was not fulfilled, the daughter having survived the testator. Where a specific condition must be fulfilled or performed prior to the vesting of an interest, the condition is a condition precedent. (Prob. Code, § 142; Civ. Code, § 1436; *cf. Estate of Catlett,* 117 Cal.App.2d 315, 317-318 [255 P.2d 464].)

We find no uncertainty or ambiguity in the quoted language by which the testator declared the condition upon which appellant would be entitled to receive benefits from the trust. As the Supreme Court stated in *Brock* v. *Hall, supra,* 33 Cal.2d 885, 889, we ''. . . may not indulge in conjecture or speculation simply because the instrument seems to have omitted something which it is reasonable to suppose should have been provided . . .'' We are not entitled to revise or rewrite the will on the basis of what might possibly appear to us to be a more logical testamentary scheme. Nor would it be profitable for us to speculate as to the reasons which may have motivated the testator in making the gift subject to the condition which he chose to declare. The primary purpose of all rules of construction is to ascertain the testator's intention—''. . . not some undeclared purpose which may be imagined to have been in his mind, but the intention disclosed by the words he used . . . In other words, the court cannot, under the guise of construction, make a will for the testator in place of the one he has made.'' (*Estate of Spreckels,* 162 Cal. 559, 567 [123 P. 371] ; *Estate of Fritze,* 85 Cal.App. 500, 505-506 [259 P. 992].)

It seems to us more reasonable to hold that when a testator has made a gift upon one clearly *expressed* condition

it would violate the logical rule of *expressio unius est exclusio alterius* to read into the will an implied intent that the gift should be made effective upon the fulfillment of some *different* and *unexpressed* condition.

The facts (1) that the testator measured the life of the trust by the life of appellant and (2) that he made no express provision for the disposition or accumulation of income under the conditions which presently obtain have no probative value sufficient to override the controlling principles which we have stated. Although the comment may be unnecessary to this decision it seems appropriate to observe that the law makes provision for the disposition of income in such circumstances. Section 733 of the Civil Code provides: "When, in consequence of a valid limitation of a future interest, there is a suspension of the power of alienation or of the ownership during the continuation of which the income is undisposed of, and no valid direction for its accumulation is given, such income belongs to the persons presumptively entitled to the next eventual interest." This statutory provision has been applied to somewhat similar factual situations. (See *Estate of Charters*, 46 Cal.2d 227 [293 P.2d 778] ; *Estate of Lefranc*, 38 Cal.2d 289 [239 P.2d 617].)

The order is affirmed.

Fox, P. J., and Ashburn, J., concurred.