221 Cal.App.2d 347 (1963)
Estate of FRED W. PELLETIER, Deceased. PERRIN H. GUYTON, Petitioner and Appellant,
v.
MELVINA STRICKLAND, Objector and Respondent.
Civ. No. 254. 
California Court of Appeals. Fifth Dist. 
Oct. 18, 1963.
 Clawson & Jennings and Lawrence W. Clawson for Petitioner and Appellant.
 No appearance for Objector and Respondent.
 STONE, Acting P. J.
 Testator died in 1961 and his will, executed in 1950, was admitted to probate the same year. He left $10,000 of his $372,814.01 estate to the brother and three sisters of his predeceased wife, the residue was devised and bequeathed in trust to Bank of America National Trust & Savings Association, providing a monthly income to his only child and after her death, monthly payments for the support of his grandchildren. The trust also provided for monthly payments to appellant, an employee at the time the will was executed, upon the condition that he be employed by testator at the time of death.
 A petition to determine heirship was filed, the interests of all heirs, devisees, legatees and beneficiaries were determined, and the court found that appellant Guyton was not employed by testator at the time of death. He alone has appealed, and no one has appeared as respondent.
 [1a, 2a] The provisions of the will which are before us for interpretation are as follows:
 "(d) I now have, and for a long time, have had in my employ one Perrin H. Guyton, who has proven himself to be industrious, intelligent and honest and who I regard as being a valuable asset to my business enterprises, and it is my wish and request that if he remain in the employ of myself at my death, that the representative of my estate upon and after my demise, retain him as manager of my business and that he be retained as such under the same conditions and compensation and payable to him in the same manner as at the time of my demise. However, should the said Perrin H. Guyton, be unable, in the sole discretion of the Trustee, to continue as such manager of my business enterprises at any time following my demise, and for whatever cause or reason, either the said Perrin H. Guyton or the Trustee shall assign said cause or reason to include the liquidation of my business, if and in the sole discretion of the Trustee, such liquidation is deemed appropriate and proper during the life of said Perrin *349 H. Guyton, the Trustee shall pay to said Perrin H. Guyton, the sum of ONE HUNDRED FIFTY ($150.00) DOLLARS monthly during the remainder of his life; provided further that if the said Perrin H. Guyton be not in my employ at the time of my demise, then this trust provision as to him shall be void and ineffective, and no interest hereunder shall pass to him."
 "(e) As to the said Perrin H. Guyton, this Trust shall terminate upon his death."
 The pertinent circumstances bearing upon an interpretation of the foregoing provisions of the will are these: In 1945, while working for a railway company, appellant became a part-time employee of Pelletier, the testator. He quit the railway in 1946 to become Pelletier's office manager, and in 1948 he became general manager of Pelletier's automobile agency, service station, and retail liquor store. The real property upon which the businesses were located was also owned by Pelletier. The will was executed in 1950. Pelletier hired another general manager in 1953, offering appellant continued employment as office manager. Appellant, feeling there would be some animosity between him and the man who "talked himself into my job" decided to go to work for another automobile firm.
 About three months later Pelletier told appellant that he had made a mistake in replacing him as general manager, and offered him the job back. Appellant replied that since he had worked at his new job only a short time, he did not think it right to quit. Thereafter Pelletier sold his retail liquor business and his service station business, and commenced the liquidation of his automobile business, although he retained the real property upon which the businesses were located.
 By 1958 Pelletier had disposed of all of his automobile business except the used cars. He asked appellant and his wife to assist him in closing out the used automobile business and to help him straighten out his business affairs. Appellant's wife accepted a daytime job, and appellant worked at night during 1958 and 1959, doing mostly accounting work and letterwriting. The wife was paid a salary but appellant had no agreement for reimbursement for his part-time work, although Pelletier repeatedly said he wanted to pay him. Once Pelletier gave appellant $20 and on another occasion bought appellant's daughter a wrist watch in appreciation for appellant's services.
 During 1959 Pelletier was quite ill, but during 1960 his *350 health improved and he made plans to reenter business. He told appellant he would pay him a minimum of $10 a month if he would write letters, help him get an automobile casualty insurance license renewed, and do other things that might become necessary to open a used car and finance business. Although the agreed salary was never paid, appellant did gather data from business records, wrote letters, ran errands, had a key to Pelletier's office and access to his business files and records; at his home appellant kept a typewriter and stand, stationery, various business forms and office supplies furnished by Pelletier.
 The sole question presented is an interpretation of the testator's intent in his use of the word "employ" in the sentence, "... if the said Perrin H. Guyton be not in my employ at the time of my demise, ..."
 [3] Where evidence has been received in the trial court as an aid to interpreting a will, a reviewing court is bound by findings of fact supported by substantial evidence if there is a conflict in the evidence. This case is unusual, as there is no substantial conflict in the evidence, so we are free to start afresh in construing the will in the light of the uncontroverted facts. (Estate of Platt, 21 Cal.2d 343, 352 [131 P.2d 825]; First Trust & Sav. Bank v. Costa, 83 Cal.App.2d 368, 371 [188 P.2d 778].)
 [1b] Three basic principles of testamentary construction govern our interpretation of the particular provisions of the will involved. The first is found in Probate Code section 102, which provides that "[t]he words of a will are to receive an interpretation which will give to every expression some effect, rather than one which will render any of the expressions inoperative; ..." The second rule embodies the principle that a liberal and reasonable interpretation is to be striven for rather than a narrow and technical one, that a testamentry instrument is to be examined with a view to discovering the decedent's testamentary intent, and that the apparent meaning of particular words, phrases and provisions is to be subordinated to this plan or dominant purpose. (Estate of Nathan, 89 Cal.App.2d 789, 792-793 [201 P.2d 865].) Third, a liberal construction is to be given a testamentary disposition in favor of a beneficiary who was an employee of the testator. (Estate of Fletcher, 36 Cal.App.2d 567, 572 [97 P.2d 1039]; Estate of Nathan, supra; 53 Cal.Jur.2d, Wills, 401, p. 681.)
 A case very much in point, First Trust & Savings Bank v. *351 Costa, supra, was concerned with an interpretation of the following language used by the testator: "In the event that the said Frank B. Costa is not in the employ of the Trustor at the date of her death, ..." The facts were that at the time the will was executed Costa was employed by the Trustor as a chauffeur. During World War II he secured a job on the graveyard shift in a war plant so that he would be available if his former employer should need him during the daytime. Occasionally he drove for her and her husband, once he helped them move, and occasionally he did odd jobs. The opinion does not indicate that he was paid for these services. The following observations, at page 373 of the Costa case, are pertinent to the issue before us:
 " 'The uniform attitude of the courts of various jurisdictions in the foregoing decisions are all favorable to the employee. ...' The findings of the court herein would indicate that it was under the belief that continuous and exclusive employment was required before appellant could take under the trust. As we read the provisions of the trust agreement before us, the apparent desire of the trustor was that appellant should receive the property in question in the event he was in her employ at the date of her death, regardless of whether or not the employment had been continuous or exclusive. We find no language in the trust agreement which indicates any idea on the part of the trustor of exclusive and continuous full-time employment."
 [2b] In the case before us, the employee took employment with another employer after the 1950 will was executed. However, relations between testator and appellant remained cordial and in 1957 Pelletier sought appellant's help in liquidating his used car business and also his help in caring for his other business affairs. Pelletier was in the process of liquidating all of his businesses, which made it impossible for appellant to resume the position of general manager, the position he had occupied at the time the will was executed. Thus by reason of testator's handling of his business affairs, limited or part-time employment was the only possible employment. It is significant that appellant was continuously employed part time by the testator from 1958 until the time of death in 1961.
 These facts bring the case within the rationale of Estate of Nathan, supra, wherein the court held that a provision in a will that an employee should receive a bequest provided he had been in the employ of the testator for a period of five *352 years before the date of death, was not vitiated by the death of the testator before the full five years elapsed. Death of the testator prevented completion of the testamentary condition. In the case before us testator liquidated his businesses three years before his death and thereby made it impossible for appellant to occupy the position of general manager or any position of employment other than limited employment, which appellant fulfilled until Pelletier's death.
 [4] A disinterested witness testified that in 1960 decedent told her that he kept appellant in his employ to do his secretarial work for him. Certainly at the time of decedent's death appellant was an employee within the sense of Labor Code section 3000. It is not material to such relationship that the servant does not receive pecuniary compensation. (Tucker v. Cooper, 172 Cal. 663, 668 [158 P. 181]; 32 Cal.Jur.2d, Master & Servant, 13, p. 412.)
 [2c] Following the prevailing tendency of the courts to give a liberal construction to a testamentary disposition in favor of a beneficiary who was an employee of the testator (Estate of Fletcher, supra; Estate of Nathan, supra; 53 Cal.Jur.2d, Wills, 401, p. 681), we are impelled to hold that appellant was an employee of the testator at the time of his death.
 The portion of the judgment appealed from is reversed.
 Brown (R. M.), J., concurred.