## WHEELER and Wife *against* WALKER.

THIS was an action of ejectment for one undivided fourth part of a piece of land in *Trumbull,* containing about fifty-two acres.

they jointly and severally paying to each of his two daughters a certain sum, within one year after his decease; it was held, that this was a conditional devise to the sons, and to entitle themselves to the estate, they were bound to perform the condition strictly, by paying the money within the time prescribed.

The case was as follows. *Eliakim Walker*, being seised of the demanded premises, made his will, on the 29th of *June* 1812, and died in the month of *December* following. One clause of the will was in these words : " As to the rest and residue of my estate, both real and personal, together with my wearing apparel, I give, and bequeath the same to my two sons, *David* and *Nathan Nichols*, to be equally divided between them, in quantity and quality, they jointly and severally paying to my two daughters, *Patience Wheeler* and *Ann Wheeler*, the sum of three hundred dollars each, within one year after my decease." Immediately after the distribution of the estate of the deceased, *David Walker*, the defendant, entered on the demanded premises, parcel of the lands devised by the clause above recited, claiming title under the will, and has ever since remained in possession. The testator, at his death, left four children only, *viz. David*, the defendant ; *Nathan Nichols*, who survived the testator but three months; *Ann Wheeler*, one of the plaintiffs ; and *Patience Wheeler*, the wife of *David Wheeler*, a person *non compos mentis*. Neither of the devisees, nor any person in their behalf, paid, or offered to pay to the plaintiffs, or either of them, the sum of three hundred dollars, mentioned in the will, until six weeks after the expiration of one year from the testator's death, when the defendant tendered that sum, with the interest due thereon, to the plaintiff ; but he refused to receive it. On the same day, the defendant paid the sum of three hundred dollars to *Patience Wheeler*, as the money due her under the will, which she accepted. She had been accustomed, on account of the mental derangement of her husband, to receive and pay money, and transact his concerns generally. On the 22d of *December* 1815, the plaintiff, in behalf of himself and wife, entered on the demanded premises, alleging that the condition on which the devise was made, was broken, and claiming one fourth part, in right of his wife, as heir at law. The plaintiffs were soon afterwards disseised by the defendant, and have been, ever since, held out by him.

This case was reserved, by consent of parties, for the consideration and advice of the nine Judges.

*Sherman* and *Staples*, for the plaintiffs, contended, that the devise to the sons was dependent on the condition of their paying to each of the daughters, the sum of three hundred

dollars, within a year from the testator's death; and that time having elapsed, without performance of the condition, the heirs at law had good right to enter, as they had done, and avoid the estate of the devisees.  *Wellock* v. *Hammond, Cro. Eliz.* 204.   *Crickmere* v. *Paterson, Cro. Eliz.* 146.   S. C. 1 *Leon.* 174.   S. C. cited *Co. Litt.* 236. *b.   Fox* v. *Carlyne, Cro. Eliz.* 454.   *Boraston's* case, 3 *Co.* 21. *a.*   In a will, the same words may make either a condition, or a limitation; and they will be held to make one or the other, according as the intent of the testator appears to be, that the estate, in the event specified, shall go to the heir, or go over to a stranger.   10 *Co.* 41. *a. Pow. Dev.* 262, 3, 4.   *Fearne's Cont. Rem.* 272. 6th edit. 5 *Bac. Abr.* 803. *Wils.* edit.  1 *Ves.* 422.   *Cowp.* 841.   *Grimston* v. *Bruce & ux.* 2 *Vern.* 594.   *Lyon* v. *Bennett, Superior* Court, *Fairfield* county, 1803.   The intent of the testator, in this case, to subject the devise to the sons, to the condition of their paying the money to the daughters, within the time prescribed, is apparent, not only from the words of the devise, but also, from the consideration, that otherwise, the daughters would be left without provision.(*a*)

(*a*) The whole will was as follows.  " In the name of God, *Amen.*  I, *Eliakim Walker,* of *Trumbull,* in the county of *Fairfield,* and state of *Connecticut,* being in perfect health of body, and of sound mind and memory, thanks be to God therefore! and knowing that it is appointed unto all men once to die; do make, and ordain, this my last will and testament; that is to say, first of all, I recommend my soul into the hands of Almighty God who gave it, and my body I recommend to the earth, to be buried in a decent manner, at the discretion of my executors, nothing doubting, but at the general resurrection I shall receive the same, by the mighty power of God.   And as touching my worldly estate, I give and dispose of it in the following manner.

" First, after my just debts are settled and paid, I give and bequeath unto my beloved wife *Abigail,* all my household furniture, and the stores that shall be in the house at my decease, also my horse and carriage, as her own proper estate; also the use and improvement of the house where I now live, to occupy herself, together with the improvement of the garden, door-yard and well, so long as she shall continue my widow.   Also, it is my will and pleasure, that my two sons, *David* and *Nathan Nichols,* pay to my wife annually, eighty dollars, during her natural life; which sum is to be paid equally, by my two sons, their heirs and assigns.   Also, it is my will and pleasure, that my two sons furnish my widow a reasonable supply of fire-wood for her own use, so long as she shall continue my widow, and live in the house.

" Secondly, I give and bequeath unto my son, *David Walker,* a certain piece of land, containing about three acres and an half, lying south of the homestead where he now lives, bounded west on *Stephen Middlebrooks,* south on my own land, east on highway, and north on *David Walker's* land.

*Daggett* and *N. Smith*, for the defendant, insisted, 1. That the will in question created neither a condition nor a limitation; but it was a devise of an estate to the sons *in trust* to pay a certain sum to the widow yearly, and a certain other sum to each of the daughters, within a specified time; this being the manifest intent of the testator, and according to the rules of law. The testator did not intend to die intestate as to any part of his estate. He meant that his lands should, at all events, go to his sons; and that they should pay his widow her annuity, and the daughters their legacies. And it is an established rule, that where an estate is devised to the heir, and not to a stranger, with a direction to the devisee to pay a certain sum, this creates a trust, and is a charge upon the estate. 8 *Vin. Abr.* 336. *pl.* 4. cites *Anon.* 2 *Freem.* 278. *Sadd* v. *Carter, Prec. Chan.* 28. *Alcock* v. *Sparhawk,* 2 *Vern.* 228. *Miles* v. *Leigh,* 8 *Vin. Abr.* 347. *in marg.* *Com. Dig. tit.* Chancery. Breach of condition. Q. 2.

2. That admitting a condition, yet as there was no demand of payment, there was no breach. *Robinson* v. *Holmes,* cited in *Joliff* v. *Crew, Prec. Chan.* 161.

SWIFT, Ch. J. The question is, whether this is an absolute devise of the lands to the sons, and a legacy to each of the daughters; or whether it is a devise on condition that the sons pay to each of the daughters three hundred dollars. The word " paying," according to all the authorities, clearly ◄

<div style="margin-right: 2em; text-align: right;">
*New-Haven,*
June, 1817.

Wheeler
*v.*
Walker.
</div>

---

" Thirdly, I give and bequeath unto my son, *Nathan Nichols Walker,* the house where I now live, when it shall cease to be occupied by my wife, agreeably to the tenor of this will; also a certain piece of land containing about three acres and an half, bounded north on my own land, which I have willed to my son *David* as above, east on *Stephen Middlebrooks,* south on said *Nathan Nichols'* land, and east on highway.

" Fourthly, as to the rest and residue of my estate, both real and personal, together with my wearing apparel, I give and bequeath to my two sons, *David* and *Nathan Nichols,* to be equally divided between them, in quantity and quality, they jointly and severally paying to my two daughters, *Patience Wheeler* and *Ann Wheeler,* the sum of three hundred dollars each, within one year after my decease.

" And I do constitute and appoint my two sons, *David* and *Nathan Nichols* of *Trumbull,* executors of my last will and testament; and I do utterly revoke and dis-annul every will, testament, legacy and executor, by me, in any way before named, willed and bequeathed, ratifying and confirming this, and no other, to be my last will and testament."

*New-Haven,*
June, 1817.

Wheeler
*v.*
Walker.

imports a condition. There is no gift or legacy to the daughters. No right is created in their favour, by the will; nor are any words used, which can be construed to imply such intent. It is, then, a conditional devise. The devisor has given the land to his sons, on condition that they pay three hundred dollars to each of his daughters within one year after his decease. To entitle them to the land, they are bound literally to perform the condition on which it was given, and pay the money by the time prescribed. Having failed to do this, they have no right to the land under the devise. It reverts to the heirs of the devisor. The plaintiffs had right to enter, and are entitled to recover.

There is no ambiguity in the language of the will; and whatever we may conjecture respecting the intent of the testator, we are not at liberty to presume one contrary to the legal effect of the words he has used.

HOSMER, J. It is difficult to conceive a case more free from controversy than this, whether we regard the manifest intention of the testator, or the uniformity of precedent.

The devisor, after having made certain devises, gives to his sons *David* and *Nathan,* " all the rest and residue of his estate, real and personal, they paying to his two daughters, *Patience Wheeler* and *Ann Wheeler,* each 300 dollars, within one year after his decease." The money was not paid. The plaintiffs enter for non-payment; and bring ejectment to recover the possession.

It was argued for the defendant, that the sum bequeathed was a mere legacy, or trust, to be enforced in chancery only. To this the reply made is conclusive, that it is more than a legacy or trust; it is a devise on condition, by the non-performance of which, the plaintiff *Ann,* one of the heirs of the devisor, has right of entry on the land devised.

An estate on condition expressed in the grant or devise itself, is, where the estate granted has a qualification annexed, whereby the estate shall commence, be enlarged, or defeated, upon performance or breach of such qualification or condition. 2 *Black. Comm.* 154. *Co. Litt.* 201. Estates on condition subsequent are defeasible, if the condition be not *strictly* performed. 2 *Black. Comm.* 154.

The words, which constitute a condition, may be various. " In particular words there is no magic;" their operation

*New-Haven,*
June, 1817.

Wheeler
*v*
Walker.

depends on the sense which they carry. 1 *Ves.* 147. What, in this case, was the intention of the devisor, is the decisive question. Was it his purpose, to invest his sons with an estate defeasible on a condition, which would effectually coerce the payment of the money bequeathed to his daughters; or did he intend to leave them destitute of *legal remedy* to vindicate their undoubted rights? A construction of the devise, according to the usual signification of language, and duly regarding the subject matter, and the consequences, will leave no doubt on the mind.

Land granted to a person *on condition,* or *provided always,* or *if it shall so happen,* or *so that* he pay to another a specific sum, within a specified time, vests in him a conditional estate; and if he does not punctually make payment of the money, his estate has become voidable by entry. *Co. Litt.* 203. *a.* From the case of *Crickmere* v. *Paterson,* adjudged in the 30th of *Elizabeth, Co. Litt.* 236. *b. Cro. Eliz.* 146. it appears, that the words *to pay,* in a will, have been considered as constituting a condition. That case was this. A man seised of certain lands, holden in socage, had issue two daughters *A.* and *B.,* and devised all his lands to *A.* and her heirs, *to pay* unto *B.* a certain sum of money, at a certain day and place. The money was not paid; and it was adjudged, that these words " *to pay,*" &c. did amount in a will to a condition; and the reason was, for that the land was devised to *A.* for that purpose; otherwise *B.,* to whom the money was appointed to be paid, *would be remediless;* and the lessee of *B.,* upon an actual ejectment, recovered the moiety of the land against *A.* The words, *to pay,* in the preceding case, are precisely equivalent to the word *paying,* in the one before the Court. In *Boraston's* case, 3 *Co.* 21. *Mary Portington's* case, 10 *Co.* 41. *Wellock* v. *Hammond, Cro. Eliz.* 204. and *Fox* v. *Carlyne, Cro. Eliz.* 454. the word *paying,* in a will, was considered as creating a condition, or limitation, as should best effectuate the intent of the testator. In the case of *Crickmere* v. *Paterson,* the words " *to pay,*" &c. were decided to import *a condition,* and this construction gave a sufficient remedy. But, in *Wellock* v. *Hammond,* the expression, " paying forty shillings to each of his brothers and sisters," was adjudged a limitation; for if it were considered *a condition,* there was, in that case, no remedy for

the money.    And in *Mary Portington's* case, it is said, " this word *paying*, shall amount to a limitation in a will by construction, because in law it is not any word, either of condition, or limitation ; and therefore, in a will, it shall serve, *as well for the one, as for the other, to supply the intent of the devisor.*"

The meaning of the expression, in *Crickmere's* case, " otherwise *B.*, to whom the money was appointed to be paid, would be remediless," has been quite misconceived.    The idea communicated, undoubtedly, is this, that *under the devise*, there was no other *legal remedy.*    It is of no avail in this construction of the devise, that chancery may give redress, or that the devisee has engaged to make payment. The court neither refer to the remedy, which a court of equity may impart, nor to any future possibilities : for the exposition given, it is a sufficient reason, that *the law* gave no other redress by virtue of the devise, for the coercion of payment, than by construing the words to import *a condition.*    This effectuated the intent of the testator.    The same observations are equally applicable to the case before the Court.    To expound the devise, as bequeathing a legacy, or subjecting the devisees to a trust, deprives the daughters of all *redress at law ;* and this is a decisive reason for considering the words as importing a condition.

To enter at greater length into a consideration of the question, whether the devise creates a condition or limitation, can be of no importance.    On either exposition, the remedy of the plaintiffs is the same.    It is, however, very apparent, that to consider the words as importing a condition, is all that is requisite, to secure the rights of the plaintiffs, under the devise ; and this, decisively, settles the construction.

The other Judges were of the same opinion.

Judgment to be given for the plaintiffs.