MERRILL, Executor, etc., Respondent, vs. WISCONSIN FEMALE COLLEGE, imp., Appellant.

*September 9 — September 24, 1889.*

*Wills: Conditional bequest: Change of corporate name.*

1. A bequest to the Wisconsin Female College, "provided that the trustees have changed the name before my decease to Downer College," does not take effect unless there was a complete legal change in the corporate name before the death of the testatrix. And it is immaterial that the trustees were not informed that a legacy would be given the college on such a condition.

2. Although a corporation was chartered by a special law, its name may be changed under the provisions of secs. 1774–1791, R. S.

APPEAL from the Superior Court of *Milwaukee* County. Action by the executor of the last will and testament of

Alcy E. M. Downer, against all legatees, devisees, or claimants of an interest in the estate of the testatrix, to obtain a construction of said will. From the judgment construing the will the *Wisconsin Female College*, one of the legatees, appeals.

*G. W. Hazelton*, for the appellant.

For the respondent there was a brief by *Finches, Lynde & Miller*, and oral argument by *B. K. Miller, Jr.* To the point that when the time in which a condition is to be performed has been prescribed by a testator, ignorance of the existence of the condition does not excuse nonperformance, they cited 2 Jarman on Wills (Bigelow's ed.), 10; *Powell v. Rawle*, L. R. 18 Eq. 243; *In re Hodges' Legacy*, 16 id. 92; *Burgess v. Robinson*, 3 Meriv. 7; *Stover's Appeal*, 77 Pa. St. 282; 2 Redf. on Wills, 307.

COLE, C. J. The particular clause in the will of Mrs. Downer, which the executor asks the court to construe, reads as follows: "*Item Ninth.* I give and bequeath to *Wisconsin Female College*, located at Fox Lake, Wis., five thousand dollars ($5,000), provided that the trustees have changed the name before my decease to Downer College, in memory of my husband."

What is the meaning of this clause? The language is so plain and precise as to hardly admit of discussion. Five thousand dollars are given on the condition, or "provided," the trustees shall have changed the name of the institution before the death of the testatrix to Downer College, in memory of her husband. The bequest is clearly what is denominated in the books a conditional one, which vests or takes effect if a certain event happens, or a specified thing is performed, in the life-time of the testatrix. It is strictly and clearly a condition precedent, where the event must happen or be fulfilled, or the bequest will not vest. "A conditional bequest is where its taking effect or continuing

in operation depends upon the happening or not happening of some uncertain event. . . . It seems to be agreed that in regard to all conditions whether in a deed or will or in simple contracts, where the condition is in the nature of a consideration for the concession, its performance will be regarded as intended to precede the vesting of any right, and so a condition precedent." 2 Redf. on Wills, 283. Here the name of the institution was required to be changed to Downer College before the death of the testatrix, or the legacy would not vest or take effect. Conditions are either precedent or subsequent; that is, the performance of the condition is required before the estate can vest, or the failure to perform the condition will divest the estate. The distinction between the two classes of conditions is familiar to the profession, and it is unnecessary to enlarge upon it. The language of the clause under consideration is so clear and definite that there is no room to doubt as to the intention of the testatrix. The legacy was given in the nature of a consideration for the change of the name of the institution to Downer College in the lifetime of the testatrix. True the trustees were not informed that a legacy would be given the college upon such a condition. The testatrix evidently desired if a change in the name was made it should proceed from the spontaneous or voluntary action of the trustees, uninfluenced by a knowledge of such a conditional bequest. She undoubtedly thought it was due the memory of Judge Downer, who had been such a firm friend of the institution in his lifetime, and had made such a generous provision for its support in his will, that it should bear his name. But she wanted the trustees to act in the matter as their own sense of justice and propriety might dictate, and in grateful recognition of his generosity. This was doubtless the reason why a knowledge of her intended gift was not communicated to the trustees.

The evidence conclusively shows that the name was not changed until after the death of Mrs. Downer; consequently the condition was not fulfilled, and the legacy did not vest. It seems to us that a bare statement of the facts is sufficient to win the assent of every mind to this view, without further argument or illustration. Nothing short of a complete legal change in the name would meet the requirements of the bequest. This is necessarily implied from the language, "provided that the trustees have changed the name before my decease to Downer College." This language obviously imports a legal change of the name, a completed act, giving the institution a new corporate name, by which it might sue and be sued and exercise its corporate rights. The performance of the condition was not impossible. The trustees had ample authority under the statute to change the name of the college. Power is given them in the statute in express terms. Secs. 1774–1791, R. S. The fact that the college was incorporated by a special act of the legislature did not limit or deprive the trustees of the power to make the change. The learned counsel for the appellant suggests that the legislature could not confer upon a corporation organized under a special charter the authority to amend its charter, because it would be a delegation of its legislative power. We fail to perceive any force in the suggestion. Corporations are the creatures of the statute, and the legislature may confer upon them such powers as it deems proper. Certainly we perceive no constitutional objection to the legislature authorizing an existing corporation to change its corporate name; but whether the trustees could make the change, or whether they would have to apply to the legislature to make it, the legacy would not vest unless the change was actually and legally made in the life-time of Mrs. Downer.

This is the condition upon which the bequest was made, and no subtlety of argument or ingenuity in reasoning can

do away with the condition. It is absolutely essential that it should be performed, or the bequest would not take effect. The trustees seemed to suppose they had no power to change the name of the college, but that they would have to apply to the legislature to have it made. They were clearly mistaken as to their authority in the matter. They took steps to amend their charter, and actually applied to the legislature, which changed the name of the college in February, 1889. Ch. 6, Laws of 1889. But this act was not passed until after Mrs. Downer's death.

Some considerations were urged upon us to induce us to give this clause of the will a liberal construction. It is said the evidence shows that the trustees intended to change the name of the college, and in good faith took such steps as they supposed would accomplish the object. But it is an admitted fact that no perfect legal change of the name was made during the life-time of Mrs. Downer. That fact is decisive and absolutely controlling in the case. The will is plain in its terms; its meaning perfectly clear and definite. We have no warrant in law, no justification in morals, to change the will for the dead, as we feel we should do were we to give the clause in question any other construction than the one we have placed upon it.

*By the Court.*— The judgment of the superior court is affirmed, the taxable costs in this court to be paid out of the estate.