## McCourt's Estate.

*Wills—Advertising for missing legatee—Direction as to advertising—Time within which to advertise.*

1. Where a will provides that an absolute gift shall be defeated if, after advertising, the legatee is not heard of within a stated period, the advertisement must cover substantially that entire period.

2. Under such circumstances it will be presumed testator knew the executor could not safely expend money in advertising until after creditors had been given an opportunity to present their claims, and, therefore, unless the will directs otherwise, the time to advertise will not begin to run until the expiration of the period for presentation and proof of such claims.

Argued January 5, 1923. Appeal, No. 118, Jan. T., 1923, by Clement Regli et al., from decree of O. C. Phila. Co., Jan. T., 1916, No. 121, dismissing exceptions to adjudication, in estate of David McCourt, deceased. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of LAMORELLE, P. J.
The opinion of the Supreme Court states the facts.

1923.]        Statement of Facts—Opinion of the Court.

Exceptions dismissed in opinion by GEST, J.  See 2 D. & C. 81.

Clement Regli et al., contingent legatees, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Wayne P. Rambo,* with him *Gordon Butterworth, Bertram P. Rambo, Robert Mair* and *Ormond Rambo,* for appellants.—In Englefried v. Woelpart, 1 Yeates 41, there was no gift over.

*Thomas Raeburn White,* for appellee, cited: Englefried v. Woelpart, 1 Yeates 41.

OPINION BY MR. JUSTICE SIMPSON, January 29, 1923:

Clement Regli and his children appealed from a decree of the orphans' court, awarding to a trustee for John McCourt, instead of to them, the sum of $5,000, referred to in the following paragraph of testator's will: "I give and bequeath to John McCourt, son of my brother Patrick McCourt, the sum of $5,000. I have not heard from him for some years and he may be dead, and I therefore provide that the said sum shall be held by my executor hereinafter named and invested and the income accumulated for the period of five years, during which time efforts shall be made to find him by advertising, and if at the end of five years he has not been heard of I direct that then the said fund with its accumulations shall be held for the benefit of the children of Clement Regli to be divided equally between them share and share alike."

Testator died December 22, 1914. The first "efforts ......made to find him [John McCourt] by advertising" were begun one year later, and thereafter like advertisements were inserted three and a half years, four and a half years, and finally nearly five years after testator's death. Five years and four months after the death, John McCourt appeared and gave to appellee an assignment of the legacy, upon certain trusts not necessary to be stated.

At the audit the $5,000 was claimed by Clement Regli and his children, who asserted the evidence failed to show John McCourt was "heard of" within five years from the death, and hence the fund should be paid to them, despite his appearance four months later. Many interesting questions were raised; for instance : By whom must he be "heard of"? Must he be "heard of" as living at the time of testator's death, or subsequent thereto, or at any time prior to distribution? Did the five-years period begin to run at the time of testator's death, or when letters testamentary were granted, or when the fund was awarded to the executor to be held until the five years' advertising was made? We shall not attempt to answer these, or the other similar questions which might be suggested, or to weigh the evidence taken at the audit, since, without reference to any of these matters, and without reviewing the cases cited by the respective parties, (none of which are relevant, in construing this unique will), their rights can be readily determined upon equitable principles.

It will be observed that the absolute gift to John Mc-Court, is not to be taken away only because he shall not be "heard of" within five years after testator's death; the will also requires, that, before this shall result, "efforts shall be made to find him by advertising" during that length of time. This does not mean that an advertisement must have been made every day of the five years, any more than it means the legacy will be lost if he is not "heard of" after advertising on the last day of that period, or, as the fact was, on four occasions, the earliest of which was one year after the death. If this latter was sufficient, the "during which time" would not be the five years required, but only four years thereof. John Mc-Court and his trustee have the right to insist that the legacy to him shall not be decreed payable to appellants, unless there was an attempt to give him constructive notice, during the period the will prescribes; hence, since he appeared after only four years and four months of

advertising was had, it is clear his right to the fund still exists, and the determination reached by the court below was correct.

As further supporting this conclusion, it will be noticed that the five years, during which he must be "heard of," is nowhere stated as beginning at the date of testator's death; on the contrary, the provision relating to a possible gift over to appellants, immediately follows the clause requiring an advertisement during the time specified, and may well be held dependent on it; especially as testator was bound to know the executor could not have justified, as against creditors, any expense incurred in advertising for John McCourt, and hence, in the absence of an express provision to the contrary, of which there is none, may be presumed to have intended the five years to begin to run only after some action by the court showing the fund was not needed for the payment of debts, or directing it to be held until notice was given as required by the will. This conclusion, if adopted, would also defeat the appeal.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellants.