[Civ. No. 10831. Fourth Dist., Div. One. June 27, 1972.]

Estate of ANNA BURKHOW JENSEN, Deceased.
SHIRLEY M. MILLER, Objector and Appellant, v.
MARION L. JENSEN et al., Claimants and Respondents.

## COUNSEL

Jenkins & Perry and James R. Sternberg for Objector and Appellant.

Miller, Evatt & Jennings and John L. Kearney, Jr., for Claimants and Respondents.

## OPINION

**AULT, J.**—Shirley M. Miller, the former wife and a judgment creditor of Marion L. Jensen, appeals from the decree of final distribution in the estate of Marion's mother. The decree ordered the estate divided equally between Marion and his four brothers after the court found a specific devise to Marion of real property, appraised at a value of $18,500, had lapsed "by non-payment of the sum of $1,160.00 by him as a condition precedent . . . ."

Marion became indebted to Shirley under a 1959 judgment of divorce which ordered him to pay her $40 a month for the support of each of their six minor children. When Marion's mother, Anna B. Jensen, died on December 12, 1969, Marion owed Shirley almost $15,000 in delinquent child support payments.

Anna B. Jensen died testate, survived by her five sons including Marion. Her will, in the first clause, provided that all her money and the personal and real property located at 4319 Lamont Street should be divided equally among the five sons, after the payment of all her debts and funeral expenses. The second clause of the will stated: "The Real Estate Property and its indebtedness, located at 1924 Reed Street, Lots 34, 35, Block 273, shall go to my son Marion L. Jensen of the same address upon payment of $1160.00 which shall also be divided among the five sons. If for any

reason full payment would be a hardship, more satisfactory payment terms shall be arranged by the executor."

On December 18, 1969, six days after their mother's death, the five brothers got together and agreed to share the estate equally. On the back of the will, Marion wrote, dated and signed this statement: "Marion L. Jensen hereby waivers [sic] the 2nd clause to read the same as the First Clause that all property be divide[d] equally." The four other brothers signed as witnesses.

The will was admitted to probate and Arnold H. Jensen, one of the sons, was appointed executor. Shirley obtained a writ of execution in the amount of $14,852 in the divorce action and served a copy on the executor, together with a notice of garnishment against Marion's interest in the estate.

In his petition for final distribution, the executor recited Marion's waiver, then proposed the estate be divided equally between the five brothers, in accordance with the waiver and the December 18 agreement.

Shirley objected to the proposed distribution on the ground the alleged waiver, assignment or transfer by Marion was a fraudulent conveyance, and asked the court to inquire into the consideration Marion had received.

The matter was heard on October 2, 1970. After hearing the testimony of Arnold Jensen, the executor, and the argument of counsel, the court ruled the consideration was grossly inadequate and that the assignment was made by Marion when he was unable to pay the judgment debt owed Shirley and should not be honored in the final order of distribution. When the court was informed Marion did not have funds to make the $1,160 payment called for in the will, it ordered a two-week continuance.

At the hearing on October 16 no oral testimony was offered or received. It was contended for the first time that the will should be interpreted to require Marion to pay $1,160 as a condition precedent to his receiving the devise of the Reed Street property. The judgment, which was entered the same day, distributed the estate in equal shares to the five brothers, and stated: "The Court finds that said bequest to Marion L. Jensen of said real property located at 1924 Reed Street, . . . , has lapsed by non-payment of the sum of $1,160.00 by him as a condition precedent to his receiving said bequest, . . . ."

This finding was reflected in another part of the final decree which distributed the Reed Street property, not to Marion subject to his payment of $1,160, but one-fifth to him and one-fifth to each of his four brothers. The net result was exactly the same as if the court had approved the collusive

December 18 waiver in the first instance. In addition, the decree distributed to Marion $492.32 in cash and a one-fifth interest in the Lamont Street property. The latter interest alone was valued at $2,800.

On appeal Shirley contends: (1) The devise to Marion Jensen vested at the death of the testatrix, subject only to a charge or condition subsequent; the court erred in construing the devise as subject to a condition precedent. (2) A debtor-devisee should not be permitted to defraud a judgment creditor by refusing to fulfill a condition governing the devise.

## DISCUSSION

Before we consider Shirley's contentions on appeal, we are met by the claim this court must accept the trial court's interpretation that the provision of the will requiring payment of $1,160 was a condition precedent, and that title to the Reed Street property did not vest in Marion unless and until he paid that sum into the estate. First, relying on *Estate of Kincaid,* 174 Cal.App.2d 84, 86-87 [344 P.2d 85], Marion asserts the trial court's interpretation of the will was aided by parol evidence and, since that evidence was not made a part of the record on appeal, we must presume the parol evidence introduced supports the trial court's interpretation of the will. Second, citing the *Estate of Cuneo,* 60 Cal.2d 196, 201 [32 Cal. Rptr. 409, 384 P.2d 1, 7 A.L.R.3d 1132], he claims the trial court's construction of the disputed provision as a condition precedent is reasonable, and that this court may not substitute a different construction " 'even though it may seem equally tenable with that accorded by the trial court.' "

■ While we are convinced the decree of final distribution must be reversed irrespective of whether the questioned provision in the will is a condition precedent or a condition subsequent, we reject the contention we are bound by the trial court's determination it was a condition precedent. The claim the trial court's construction of the contested clause was based in part on parol evidence is not supported by the record. The issue was first raised after the October 2, 1970 hearing, and it was heard and determined on October 16, 1970. The minutes of that date show no witnesses testified and that no evidence was introduced. Marion's brief states: "The decision of the lower court was preceded by the introduction of evidence, both oral and documentary, including the testimony of Arnold Jensen, the executor." The statement is equivocal, begs the question, and distorts the record. Arnold Jensen testified at the October 2, 1970 hearing. At that time the only issue before the court was the validity of Marion's waiver of his right to inherit the entire Reed Street property. Absolutely nothing in the record indicates the trial court relied on that testimony or upon evidence introduced at that hearing when it construed the disputed clause in the will to

be a condition precedent two weeks later. If the trial court construed the disputed clause in the will on evidence introduced at a different hearing when a different issue was before the court, we think respondent would have pointed out what that evidence was and brought up a record to support it. Neither the record nor respondent's brief gives the slightest hint this took place.

We also reject the claim the trial court's interpretation of the provision requiring Marion to pay $1,160 as a condition precedent to his right to inherit the Reed Street property was reasonable, and equally tenable with the construction the requirement was a condition subsequent. Almost every rule of construction dictates the conclusion the payment requirement was a condition subsequent.

In the interpretation and construction of wills the paramount and guiding rule is stated in Probate Code section 101, which provides a will is to be construed according to the intention of the testator. "All other rules of construction are subordinate to this cardinal rule and in its application presumptions are to be indulged which will prevent entire or partial intestacy." (*Estate of Akeley,* 35 Cal.2d 26, 28-29 [215 P.2d 921, 17 A.L.R. 2d 647]; see also *Estate of Karkeet,* 56 Cal.2d 277, 281 [14 Cal.Rptr. 664, 363 P.2d 896].) This intention must be determined from the language and words of the will itself. (*Estate of Wiemer,* 209 Cal.App.2d 7, 11 [25 Cal. Rptr. 693].) Here, the provision in the will stating the Reed Street property is to go to Marion "upon payment of $1,160.00" is immediately followed by the words: "If for any reason full payment would be a hardship, more satisfactory payment terms shall be arranged by the executor." We believe this language in the will itself demonstrates that the testatrix did not intend the payment of $1,160 to be a condition precedent to the vesting of the title to the property in Marion.

Other rules of interpretation which militate against construing the disputed provision as a condition precedent to the vesting of title are:

(1) The law does not favor the creation of conditions precedent which prevent the vesting of estates. (*Estate of Alpers,* 251 Cal.App.2d 40, 45 [58 Cal.Rptr. 841].)

(2) The law favors a construction which prevents intestacy either total or partial. (Prob. Code, § 102; *Estate of Beldon,* 11 Cal.2d 108, 112 [77 P.2d 1052]; *Estate of Karkeet, supra,* 56 Cal.2d 277, 281-282.) [Construing the provision here as a condition precedent resulted in intestacy as to the Reed Street property.]

(3) There is a strong presumption in favor of vested interests. (Prob. Code, § 28; *Estate of Haney,* 174 Cal.App.2d 1, 9-10 [344 P.2d 16].)

(4) If the language of the will shows a condition was intended, the absence of a gift over tends to indicate the condition is subsequent. (5 Bowe-Parker, Page on Wills, § 44.4.) [The will contains no gift over provision.]

(5) If the time for performance of the condition is indefinite, the condition is treated as subsequent; if the time for performance is expressly fixed or limited, it tends to show the condition is precedent. (*Estate of Alpers, supra,* 251 Cal.App.2d 40, 46.) [The time for payment is indefinite.]

In any event, whether the provision requiring Marion to pay $1,160 into the estate is construed as a condition precedent to the vesting in him of title to the Reed Street property, or merely as a condition subsequent, it was error to hold the devise had lapsed under the circumstances. Such holding permits Marion to accomplish indirectly what the court rejected as fraudulent and collusive when he attempted to accomplish it directly. The controlling principle is stated in *Estate of Kalt,* 16 Cal.2d 807, at page 814 [108 P.2d 401, 133 A.L.R. 1424]: "A legatee is free to renounce even a beneficial bequest, so long as the rights of third parties are not involved. If, however, the claims of his creditors would thereby be defeated he cannot exercise the same freedom. His own wishes then become subservient to his obligations. A creditor who is legally entitled to set aside a fraudulent conveyance may exercise the debtor's right to contest a will even though the debtor himself does not wish to do so. [Citations.] If the creditor contested the will successfully it would be ironic to leave the debtor free to renounce the ensuing benefits. A debtor may be compelled not only to retain his property for the benefit of his creditors, but to dispose of it for the same purpose. There is a like obligation upon him of which he may acquit himself without hardship, to avail himself of a bequest. The denial to the debtor of the right to renounce as against his creditors in fact benefits his own economic interests as well as those of his creditors. [Citation.]"

Here, as distinguished from *Estate of Kalt,* somewhat more than a renunciation of a beneficial bequest is involved; the debtor-beneficiary must make a payment to prevent the devise from lapsing. But the sum he is required to pay is indeed nominal (4/5 x $1,160 = $928), when compared to the value of the devised property ($18,500). Furthermore, his distributable share of the cash in the estate is $492.32 which could and should be used to off-set the amount he is required to pay and which would reduce that amount to $435.68. In addition, Marion and his four

brothers each received an undivided one-fifth interest in the Lamont Street property. Marion's interest in the property has a value of $2,800. In view of the provision in the will requiring the executor to make other arrangements if full payment would be a hardship on Marion, the court would be fully justified in subjecting Marion's interest in the property to a lien in favor of his brothers to secure the small balance remaining. With these funds and assets available to him in the estate to make and secure the required payment, it is inconceivable that a court would declare a lapse of the devise under normal circumstances. Allowing the devise to lapse under these circumstances to defeat Shirley's claim as a creditor is equally impermissible.

Moreover, even if Marion's distributable share of the estate did not provide sufficient funds and assets to make and secure the required payment, the court should not have declared the devise to have lapsed without having first offered Shirley a reasonable opportunity to make the payment herself. Such a requirement, in the context of this case, involves no real extension of the rule enunciated in the *Estate of Kalt, supra,* 16 Cal.2d 807, 814, and, in fact, would have redounded to Marion's benefit. The Reed Street property appears to have more than sufficient value to satisfy Marion's entire debt to Shirley so that he would inherit the other property in the estate free and clear of her claim. Since Marion is obviously damaged by the existing decree of distribution and the trial court's determination his right to inherit this valuable property had lapsed, we let the reader speculate as to the reasons why he has opposed rather than joined in this appeal.

The decree of final distribution is reversed; the trial court is directed to enter a new decree of distribution consistent with the views expressed in this opinion.

Whelan, Acting P. J., and Coughlin, J.,* concurred.

A petition for a rehearing was denied July 18, 1972, and respondents' petition for a hearing by the Supreme Court was denied August 23, 1972.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.