[Civ. No. 4303. Fifth Dist. Aug. 30, 1979.]

Estate of EMILY ZABRISKIE, Deceased.
FRED A. SCHENK, JR., as Executor, etc., Plaintiff and Respondent, v.
HOSPICE OF SAN LUIS OBISPO COUNTY, INC.,
Claimant and Appellant;
OFFICE OF THE PRESIDING APOSTLE OF ROANDOAK
OF GOD et al., Claimants and Respondents.

572

**COUNSEL**

Shipsey & Seitz and Gerald W. Shipsey for Claimant and Appellant.

Fred A. Schenk, Jr., in pro. per., for Plaintiff and Respondent.

Raymond L. Girard for Claimants and Respondents.

**OPINION**

**BROWN, (G. A.), P. J.**—Hospice of San Luis Obispo County, Inc. (Hospice) appeals from a judgment settling the final account in the estate

of Emily Zabriskie, deceased, and ordering final distribution. Hospice is the alternate beneficiary under the decedent's will, which is to take the residue of decedent's estate in the event the primary beneficiary, Roandoak of God, an unincorporated Christian association, did not incorporate as a nonprofit organization within 180 days of decedent's death. There was no oral or other extrinsic evidence in the trial court on the intent of the testator.

More specifically, the will of decedent provides in pertinent part: "ITEM 2: . . . (B) The rest and residue of my estate I leave to ROANDOAK OF GOD, an unincorporated Christian Association, provided same organization has incorporated as a nonprofit organization within 180 days of the date of my death. This bequest is not to pass to any individual person, but only to a nonprofit religious or charitable organization which is the corporate successor of the present Roandoak of God Association located in the Morro Bay, California, area as its primary headquarters, of which association Delmar Ashurst is the present leader. I hereby authorize and direct that my executor hereinafter named pay and discharge from the assets of my estate all costs of incorporating said organization. This bequest shall be used by the Board of Directors of said incorporation for investment into land or capital improvements of said association and shall not in any way inhere to the benefit of any individual person whomsoever.

"(C) In event the bequest under Item 2(B) shall fail, due to failure of said organization to incorporate within 180 days from my death, or for any other reason, then I leave the residue of my estate to the newly incorporated San Luis Obispo County HOSPICE OF SAN LUIS OBISPO COUNTY, a nonprofit corporation."

The executor's petition for final distribution averred in pertinent part: "Roandoak of God, beneficiary named in Item 2(B) of decedent's will, did incorporate as a nonprofit organization within 180 days of decedent's death, to wit, upon February 9, 1978 (decedent having died October 17, 1977). Attached hereto as Attachment #E, is a true copy of such Articles of Incorporation."

The attachment "E" referred to in the petition for final distribution consists of a copy of the "Articles of Incorporation of The Office of the Presiding Apostle of Roandoak of God, a corporation sole," verified by the Secretary of State. The articles provide that: "This corporation is organized as a corporation sole pursuant to the provisions of Part 2 of

Division 2 of Title 1 of the Corporations Code. . . ." The articles further provide that "The undersigned officer is duly authorized by the rules (vote of members) of 'Roandoak of God' to take such action to incorporate."

The articles are signed solely by "Delmar Roy Ashurst (Apostle)." They state further that "The purposes for which this corporation is formed are to administer and manage the affairs, property, and temporalities of 'Roandoak of God.' "

The decree of distribution distributed the residue of the estate to "THE OFFICE OF THE PRESIDING APOSTLE OF ROANDOAK OF GOD, A CORPORATION SOLE. . . ."

 The ultimate issue is whether the incorporation of the Presiding Apostle of Roandoak of God (Delmar Ashurst) as a corporation sole satisfied the condition of the will. We will hold that it did not.

Preliminarily respondent corporation sole and the executor argue the procedural point of Hospice's standing to raise the issue. It appears that Hospice received notice of probate of the will but at no point appeared in the proceeding below. Hospice's first appearance in the case was the filing of the notice of appeal from the decree of distribution. Respondent corporation sole and the executor urge that failure to appear in the proceeding below, having had notice thereof, deprives Hospice of the right to maintain this challenge. However, the cases have consistently held to the contrary. The failure of a beneficiary who is aggrieved by the order to participate in the probate proceeding below does not deprive the beneficiary of the right to appeal from the order. (See Code Civ. Proc., § 902; *Guardianship of Copsey* (1936) 7 Cal.2d 199, 203 [60 P.2d 121]; *Estate of Meyer* (1966) 241 Cal.App.2d 747, 750-751 [51 Cal.Rptr. 72]; *Estate of Sloan* (1963) 222 Cal.App.2d 283, 291 [35 Cal.Rptr. 167].)

Appellant could be held to have waived the issue raised only if it had appeared and actually participated in the proceeding below and did not raise the issue it now raises in this appeal. Cases cited by respondent are distinguishable on this ground. (See *Estate of Westerman* (1968) 68 Cal.2d 267 [66 Cal.Rptr. 29, 437 P.2d 517]; *Estate of Randall* (1922) 188 Cal. 329 [205 P. 118]; *Estate of Rohrer* (1911) 160 Cal. 574 [117 P. 672]; *Estate of Levy* (1904) 141 Cal. 639 [75 P. 317]; *Estate of Cooper* (1970) 11 Cal.App.3d 1114 [90 Cal.Rptr. 283]; *Estate of D'Avila* (1963) 217

Cal.App.2d 123 [31 Cal.Rptr. 363]; *Estate of Dow* (1949) 91 Cal.App.2d 420, 432 [205 P.2d 698]; *Estate of Michels* (1936) 18 Cal.App.2d 201 [63 P.2d 333].)

■ Before discussing the merits we note that the interpretation of a will or other written instrument is solely a judicial function unless the decision turns upon the credibility of extrinsic evidence of the testator's intent. In the case at bench there is no such extrinsic evidence. Accordingly, we are not bound by the construction given the will by the trial court without the aid of such evidence. (*Estate of Dodge* (1971) 6 Cal.3d 311, 318-320 [98 Cal.Rptr. 801, 491 P.2d 385]; *Parsons* v. *Bristol Development Co.* (1965) 62 Cal.2d 861, 865-866 [44 Cal.Rptr. 767, 402 P.2d 839].)

In construing the will, the intent of the testator governs. ■ "In the interpretation and construction of wills the paramount and guiding rule is stated in Probate Code section 101, which provides a will is to be construed according to the intention of the testator. 'All other rules of construction are subordinate to this cardinal rule. . . .' [Citation.] This intention must be determined from the language and words of the will itself. [Citation.]" (*Estate of Jensen* (1972) 26 Cal.App.3d 474, 479 [102 Cal.Rptr. 617].)

■ Turning to the language of the will (*ante*), it is conceded that the bequest to "ROANDOAK OF GOD, an unincorporated Christian Association" is conditional upon that organization's incorporating as a nonprofit organization within 180 days. The paragraph expressly requires that the gift pass only "to a nonprofit religious or charitable organization which is the corporate successor of the present Roandoak of God Association." Secondly, the testator for rather obvious reasons provided that the successor corporation be governed by a "Board of Directors" rather than by an individual.

Contrary to this manifested intent, a corporation sole was organized. ■ A corporation sole (see Corp. Code, §§ 10000-10015) is the incorporation of the "bishop, chief priest, presiding elder, or other presiding officer of any religious denomination, society, or church, for the purpose of administering and managing the affairs, property, and temporalities thereof." (Corp. Code, § 10002.) "The will and judgment alone of the presiding officer regulate his acts, like any other individual acting in his own right." (42 Cal.Jur.2d, § 9, p. 766.) "Historically, a corporation sole consists of one person only and his successors, in some

particular station, who are incorporated by law in order to give them legal capacities and advantages, particularly that of perpetuity, which in their natural persons they could not have." (42 Cal.Jur.2d, § 9, p. 765.) Such an individual incorporated as a corporation sole "may at any time amend the articles of incorporation of the corporation changing its name, the term of its existence, its territorial jurisdiction, or the manner of filling any vacancy in the office thereof, and may by amended articles of incorporation make provision for any act or thing for which provision is authorized in original articles of incorporation of corporations sole." (Corp. Code, § 10010.) Such an individual may also exercise the other extensive powers of the corporation. (See Corp. Code, § 10007.)

On the contrary, the power to govern the business and affairs of a nonprofit corporation must be exercised by a board of directors of at least three members (Corp. Code, §§ 9300, subd. (e), 9500) and the board is responsible to the membership. (Corp. Code, §§ 9301, 9402, 9601, 9602.)

Obviously the decedent legitimately desired that the corporate successor of the association be afforded the protection of decisions by at least three persons rather than vesting complete authority in one person who is not legally subject to the will of the membership.

As we have already mentioned, it also appears that contrary to the express intent of the testator, the corporation sole is not the successor to the existing unincorporated association. There is a clear distinction between the association and its leader, the Presiding Apostle of Roandoak. The articles of incorporation establish that only the Apostle of Roandoak incorporated as a corporation sole and that the Roandoak Association was not incorporated at the time the articles were filed. The unincorporated association apparently continued to exist and the function of the corporation sole would appear to be to hold title to property and administer and manage the affairs, property and temporalities of the unincorporated association.

Had the association desired to incorporate so that the corporation would become its corporate successor, the code specifically provides for a procedure to accomplish that result. (Corp. Code, §§ 9202, 9304, subd. (b), 9604.) When properly complied with, the successor incorporation ipso facto dissolves the association and transfers its property and rights to the corporation. (*Security-First Nat. Bk.* v. *Cooper* (1944) 62 Cal.App.2d 653 [145 P.2d 722].) These procedures were not undertaken in this case.

■ Based on the foregoing, we conclude that the record does not establish that the condition (whether denominated a condition precedent (see Prob. Code, § 142) or subsequent (see Prob. Code, § 143))[1] was satisfied. Accordingly, on this record the gift to Roandoak of God must fail. (Cf., *Estate of Torrance* (1957) 154 Cal.App.2d 350, 359 [316 P.2d 94].)

■ The further contention that Hospice is estopped to challenge the judgment due to its delay in participating in this proceeding is without merit. This fact alone, which is the only fact appearing of record, does not satisfy the elements of an estoppel.

That part of the judgment ordering distribution of the residue of the estate to "THE OFFICE OF THE PRESIDING APOSTLE OF ROANDOAK OF GOD, A CORPORATION SOLE" is reversed. The judgment is otherwise affirmed. Each party to bear its own costs on appeal.

Franson, J., and Davis, J.,* concurred.

The petition of the claimants and respondents for a hearing by the Supreme Court was denied October 25, 1979.

---

[1]It appears the condition should be classified as a condition precedent (see *Estate of Alpers* (1967) 251 Cal.App.2d 40, 45-46 [58 Cal.Rptr. 841]).

*Assigned by the Chairperson of the Judicial Council.